ISRAEL BOODY *versus* JOSEPH H. McKENNEY & *al.*

When an infant has made a conveyance of real estate, and would affirm or disaffirm it after he becomes of age, there must be some positive and clear act performed for that purpose. The mere acquiescence for years affords no proof of a ratification.

When an infant has purchased real estate, or has taken a lease of it subject to the payment of rent, he must make his election, within a reasonable time ; for he cannot enjoy the estate after he becomes of age for years, and then disaffirm the purchase, and refuse to pay for it, or claim the consideration paid.

When an infant has sold and delivered personal property, and has received actual payment therefor, acquiescence alone does not confirm the contract; but if it remains unexecuted, and he holds a bill or note, taken in payment for the property, if he should collect or receive the money due upon it, or any part thereof, after he becomes of age, that would affirm the contract. And should he disaffirm the contract, which he cannot do until he becomes of age, and reclaim the property, the bill or note would become invalid.

If an infant has purchased and received personal property, and retains the same or any part thereof in his possession after he becomes of age, it becomes his duty to make his election, whether to affirm or disaffirm, within a reasonable time. And when, after a reasonable time has elapsed, he continues to have the use of the property, and then sells it, or any part of it and receives the money therefor, he must be considered as having elected to affirm the contract, and he cannot afterwards avoid payment of the consideration.

It is not competent to prove by parol testimony, that a note, absolute in its terms, " was not to be paid unless called for during the lifetime of the payee."

A bill of parcels, or receipt, showing the purchase of an article by one of two defendants of the other, and payment therefor, is not admissible, when offered by the purchaser, unless there be proof, that the paper had been in the hands or in some way connected with the opposing party ; and it is then received as exhibiting his assent, or showing his connexion with the transaction.

ASSUMPSIT against Joseph H. McKenney and Leander Staples, on a note dated March 12, 1835, given by them to Lydia Boody, then the wife of the plaintiff. Staples was defaulted, but Mc'Kenney defended, pleading the general issue and infancy.

The facts are stated in the opinion of the Court. The Court were authorized to draw such inferences from the facts as a jury might properly do.

*McDonald,* for the defendant, said that he did not contend,

that it was competent to introduce parol evidence to change the terms of the note, but that the evidence offered was admissible to prove that the note was to be delivered up on the happening of a certain contingency, which had happened.

The declarations of Staples ought to have been admitted, as part of the *res gesta*. The possession of that part of the property was changing at times and the cause of it was stated, and this was the evidence offered. It is a common mode of poving a sale, by showing that the owner has declared that he sold it. And it is the best evidence the nature of the case would admit, as the plaintiff had chosen to prevent Staples from being a witness, by joining him as a defendant. The receipt was admissible on the same principle, but if either is admissible it is sufficient,

But if the evidence be not admissible, how then does the case stand? As McKenney was an infant at the time of the signing, it must be shown, that he has said something, or done something, after he became of age, to make him liable, or judgment must be in his favor. He has said nothing, and the only pretence is, that he had a very small portion of the property received by Staples of H. McKenney, in his hands, after he became twenty-one years of age.

If the note had been given to Henry McKenney, then Joseph could not have avoided the contract. It was valid between the other parties, and Joseph had no power to take property from Staples and return it to Henry, and could not avoid the contract. Staples was liable, and it was wholly a matter between him and Joseph, what was done with the property. Joseph had no power to rescind or disaffirm the contract.

The property sold by Henry McKenney to Staples and Joseph, was not the same sold by Mrs. Boody to Henry. She had no better claim, than if she had never owned any portion of it. There was no privity whatever between Mrs. Boody and the present defendants. She took the note of Staples, whom she knew was of age, and of Joseph, known to her not to have been of age, instead of the note of Henry. The security was as good as before without Joseph. The note

would have been good against Staples without consideration, and against Joseph also, but for his infancy. She, therefore, had nothing to do with the consideration as between Henry and the defendants. Whether Joseph had none, or all, of the property purchased of Henry, so far as the plaintiff was concerned, was wholly immaterial, and could not affect the liability of Joseph. If he could have returned the property she could not have held it a moment. If the sale was rescinded, the property would not have belonged to her. If the defendants could not have set up want of consideration as a defence against the plaintiff, had the property turned out not to belong to Henry, it would seem to follow, that the liability of the defendants could not be affected by the use made of the property.

As the contract between the parties of age was valid, no act of disaffirmation on the part of Joseph could give the plaintiff, or Henry a right to take the property. How then could the manner in which the property was disposed of between Staples and Joseph vary the rights of any of the parties to this transaction?

No prior rescinding of a contract is necessary, in order that the plea of infancy may be availing, nor is it necessary to return the property. *Tucker* v. *Moreland*, 10 Peters. 75; *Benham* v. *Bishop*, 9 Conn. R. 330. The infant must do some positive act to confirm the contract, after he arrives at full age, or he cannot be bound. And a mere acknowledgment of indebtedness is not enough, but there must be an express promise to pay. *Ford* v. *Phillips*, 1 Pick. 203; *Thompson* v. *Lay*, 4 Pick. 48; *Hale* v. *Gerrish*, 8 N. H. R. 374. And must be made to the party in interest. 3 Wend. 479; 11 Mass. R. 147. A partial payment, after the minor has arrived at full age, is not a ratification of the contract on which the payment was made. *Putnam* v. *Dutch*, 14 Mass. R. 460; *Barnaby* v. *Barnaby*, 1 Pick. 221. And the promise must be made deliberately and with a knowledge that he is not bound by law. 9 Mass. R. 62 and 100. The mere possession

of part of the personal property after of full age, and sale thereof, does not amount to a ratification. *Thing* v. *Libby*, 4 Shepl. 55.

The ground on which the possession and sale of the property by the infant, after he becomes of full age, is considered as equivalent to a new promise, is a matter between seller and buyer, and is believed to be, that he shall not be suffered to avail himself of the consideration, and pay nothing for it. The facts do not show this, but the reverse. Staples was at all events liable, and took possession of the whole of the property, and retained it for more than a year saving the portion he had previously sold. The only part of this property, which ever came into the possession of Joseph, was but a very small one and was received directly from Staples, who disposed of all the rest. Joseph did not receive this property from the plaintiff, nor from Henry. Nor did he ever receive the half of the property, or any equivalent for it from Staples. There is, therefore no foundation for any conclusion that he received the colt in any other mode, than as a purchase of it from Staples. He should not be held liable, as it was not received under any contract with the plaintiff or Henry, and could be no affirmance of it.

*Caverly*, for the plaintiff, contended, that the contract was for the benefit of the infant, and was therefore valid and binding upon him *ab initio*. *U. States* v. *Bainbridge*, 1 Mason, 82; *Keane* v. *Boycott*, 2 H. Black. 514; *Stone* v. *Dennison*, 13 Pick. 6.

Infants are liable for necessaries. Certain articles of property are in themselves necessaries. Other articles become necessaries, whenever they accord with the infant's proper business or station in life. 8 T. R. 578; 2 Strange 1101; Chitty on Con. 31. These articles were necessaries for him as a farmer.

The infant has no defence, for he has tacitly acquiesced for five years, and has not disaffirmed the contract, or given notice that he did not intend to be bound. 8 Taunt. 39; 8 Greenl. 405; 6 Conn. R. 494.

If he had given proper notice of his disaffirmance on arriving at majority, yet in order to avail himself of a defence to the note, he was bound to return the property, or at least so far as he was able, to have restored to the plaintiff his just rights. 15 Mass. R. 363 ; 1 Greenl. 13 ; 7 Cowen, 179 ; 2 Kent, 241.

If the contract was originally voidable, the infant has affirmed it by his holding and making sale of the colt, and converting the proceeds to his own use. *Lawson* v. *Lovejoy,* 8 Greenl. 405 ; *Dana* v. *Coombs,* 6 Greenl. 91. It was incumbent on him, if he would disaffirm the contract with Mrs. Boody, to have taken his part of the property from Staples, and to have restored it to the legal holder of the note.

*J. Shepley,* for the defendant, replied.

The opinion of the Court was drawn up by

SHEPLEY J. — This suit is upon a promissory note for one hundred dollars made by the defendants on March 12, 1835, and payable to Lydia Boody, the wife of the plaintiff or her order, on demand. The defendants are a son and the husband of a daughter of Mrs. Boody by a former husband. Mrs. Boody has since deceased. The defendant, McKenney, was an infant, when the note was made, nearly twenty years of age. Mrs. Boody being the owner of a colt and certain cattle, sold them during the year 1834 to her son Henry McKenney, and received his notes in payment. When the present note was made, the defendants had purchased that and some other property of Henry McKenney, and to pay him therefor gave the note in suit and another note for about one hundred and twelve dollars to Mrs. Boody, who at that time cancelled the notes made the year before by Henry McKenney. The property purchased was afterward in the possession of the defendant Staples on a certain farm. The defendant McKenney resided in Portland during the year after the purchase. Simeon Strout testified, that " he did not see the colt in the possession of Joseph until after he returned from Portland ; and that one Chick wintered the said colt for the said Joseph

the winter after he returned from Portland." Henry McKenney testified, that he did not know that any of the property, which he sold to them, came into the possession of Joseph after the sale " excepting the colt, which he had the year after he delivered him to the defendants." It is admitted that Joseph kept the colt after that time till the year 1839, and then sold it for one hundred dollars. The case presented, without the testimony offered and excluded, is that of a minor purchasing property with a person of age, without proof, that he had exercised any acts of ownership over, or had received any benefit from it, excepting a smaller portion of the property in value, which came to his possession a short time before he was of age; and this he retained for nearly three years after he became of age, and then sold it, and received pay for it. The case shows, that the defendants offered to prove an agreement when the note was made, that it " was not to be paid, unless called for during the lifetime of Mrs. Boody." Parol evidence cannot be received to vary the meaning of a written contract by adding to its terms, or by extending or limiting them, or by introducing an exception or qualification, or by proving a different contemporaneous agreement. Or by proving that a note payable on demand was to be paid on a contingency only, or not till after the death of the maker. *Rawson* v. *Walker*, 1 Stark. R. 361; *Woodbridge* v. *Spooner*, 3 B. & A. 233. This testimony was properly excluded. The defendants offered also to prove the declarations of the defendant, Staples, made to Henry McKenney, while the colt was at Chick's, that Joseph had bought the colt of him, and had given him forty-five dollars for it. And also offered a receipt of Staples to Joseph for forty-five dollars received for the colt. The declarations of Staples cannot be admitted as part of the *res gesta* of any sale or other transaction. If any sale were made to Joseph, it does not appear to have been made, or any other business to have been transacted, at that time. They cannot be connected with the receipt, for they do not appear to have been made at the time, when that was made. They were therefore, but the declarations of a party made to a third

person and offered in favor of his co-defendant. Receipts, bills of parcels, and other papers, signed by one party to a suit, and offered by an opposing party, are received, like other contracts, as showing the engagements or declarations in writing of the opposing party. But they cannot be received, when offered by the maker of them, unless there be proof, that they have been in the hands or in some way connected with the opposing party; and they are then received as exhibiting his assent, or showing his connexion with the transaction. The receipt, as offered in this case, was but the written declaration or statement of one defendant to his co-defendant. It was not testimony under the sanction of an oath of any transaction between those persons. The case must therefore be decided upon the testimony introduced and already stated.

There have been differences of opinion, whether a negotiable promissory note, made by an infant, was void, or voidable. The better opinion is, that such a note is voidable only at the election of the infant. *Goodsell* v. *Myers*, 3 Wend. 479. Many of the apparent differences in the judicial decisions respecting the duties and liabilities of persons, after they become of age, when they would affirm or disaffirm contracts made during their infancy, may be shown to have been appropriate and not in conflict by adverting to the state of facts, on which the remarks were made. Those remarks may have been well suited to the state of facts and to the point then under consideration, and yet when applied as exhibiting abstract truths, applicable to all such cases, they may appear to be in conflict with other remarks equally appropriate to the cases, in which they were made. To explain some of these apparent differences, alluded to in the arguments, it becomes necessary to state briefly certain conditions, in which a person may be placed, after he becomes of age, in relation to contracts made during his infancy; and his appropriate conduct and duty, when he would affirm, or disaffirm them.

1. When he has made a conveyance of real estate during infancy, and would affirm or disaffirm it, after he becomes of age. In such case the mere acquiescence for years to dis-

affirm it affords no proof of a ratification. There must be some positive and clear act performed for that purpose. The reason is, that by his silent acquiescence he occasions no injury to other persons, and secures no benefits or new rights to himself. There is nothing to urge him as a duty, towards others to act speedily. Language, appropriate in other cases, requiring him to act within a reasonable time, would become inappropriate here. He may therefore, after years of acquiescence, by an entry or by a conveyance of the estate to another person, disaffirm and avoid the conveyance made during his infancy. *Jackson* v. *Carpenter,* 11 Johns. R. 539; *Austin* v. *Patton,* 11 S. & R. 311; *Tucker* v. *Moreland,* 10 Peters, 58.

2. When during infancy he has purchased real estate or has taken a lease of it subject to the payment of a rent, or has granted a lease of it upon payment of a rent. In such cases it is obvious, when he becomes of age, that he is under a necessity, or that common justice imposes it upon him as a duty, to make his election within a reasonable time. He cannot enjoy the estate after he becomes of age for years, and then disaffirm the purchase and refuse to pay for it, or claim the consideration paid. Or thus enjoy the leased estate, and then avoid payment of the stipulated rent. Or receive rent on the lease granted, and then disaffirm the lease. When he will receive a benefit by silent acquiescence, he must make his election within a reasonable time, after he arrives at full age, or the benefits so received will be satisfactory proof of a ratification. *Ketsey's case,* Cro. Jac. 320; *Evelyn* v. *Chichester,* 3 Burr. 1765; *Hubbard* v. *Cummings,* 1 Greenl. 11; *Dana* v. *Coombs,* 6 Greenl. 89; *Barnaby* v. *Barnaby,* 1 Pick. 221; *Kline* v. *Beebe,* 6 Conn. R. 494. In the case of *Benham* v. *Bishop,* 9 Conn. R. 330, it appeared, that the defendant and his mother and sisters were in possession and owned land in common, and that defendant, while an infant, made his note to another sister for a conveyance to him of her undivided share of the same estate, and that they continued to occupy the land in the same manner several years after he

became of age ; and it was decided not to amount to a ratification of the note. This case can only be regarded as correctly decided by considering the defendant as having occupied only by virtue of his own previous title as a tenant in common.

3. When he has during his infancy sold and delivered personal property. When the contract was executed by his receiving payment, it is obvious, that he can receive no benefit by acquiescence ; and it alone does not confirm the contract. When the contract remains unexecuted, and he holds a bill or note taken in payment for the property, if he should collect or receive the money due upon it, or any part of it, that would affirm the contract. Should he disaffirm the contract and reclaim the property, the bill or note would become invalid. He cannot disaffirm it until after he becomes of age. And if he then does it, there are cases, which assert, when the contract has become executed, that he must restore the consideration received. *Badger* v. *Phinney*, 15 Mass R. 363 ; *Roof* v. *Stafford*, 7 Cowen, 179.

4. When he has purchased and received personal property during infancy. When the contract has been executed by a payment of the price, if he would disaffirm it, he should restore the property received. When the contract remains unexecuted, the purchase having been made upon credit, he may avoid the contract by plea during infancy, or after he becomes of age, before he has affirmed it. It has been asserted in such case, that he should be held to refund the consideration received for the contract avoided. Reeve's Dom. Rel. 243. He admits, however, that the current of English authorities is otherwise. If he had received property during infancy, and had spent, consumed, wasted, or destroyed it ; to require him to restore it, or the value of it, upon avoiding the contract, would be to deprive him of the very protection, which it is the policy of the law to afford him. There might be more ground to contend for the right to reclaim specific articles remaining in his hands unchanged at the time of the avoidance of the contract. When he continues to retain the specific property, or any part of it, after he becomes of full age, it becomes his

duty, within a reasonable time, to make his election. If such were not the rule, he might continue to use for years a valuable machine until nearly worn out, and thus derive benefit from it, and yet avoid the contract and refuse to pay for it. And when after a reasonable time he continues to enjoy the use of the property, and then sells it, or any part of it, and receives the money for it, he must be considered as having elected to affirm the contract; and he cannot afterwards avoid payment of the consideration. This, as before shown, is the well settled rule in relation to real estate purchased or leased; and the principles applied in those decisions appear to be equally applicable here. Such was the decision in *Lawson* v. *Lovejoy,* 8 Greenl. 405; *Chesire* v. *Barrett,* 4 McCord, 241; *Dennison* v. *Boyd,* 1 Dana, 45; *Delano* v. *Blake,* 11 Wend. 85.

It is contended, that the colt did not constitute a part of the consideration of the note in this case, because the purchase was made of Henry McKenney, and the note was made payable to Mrs. Boody for the cancellation of the notes of Henry. The testimony proves, that the cattle and colt were the consideration received by the defendants for making the note, although not the consideration, upon which Mrs. Boody became entitled to receive it. It cannot be material, so far as it respects a ratification of the contract by Joseph McKenney, to whom the note was made payable.

*Defendants to be defaulted.*