NORCUM, Respondent, *vs.* GATY *et al.*, Appellants.

1. *Youse* v. *Norcum*, 12 Mo. Rep. 549, affirmed.
2. Where a minor *feme covert* joined with her husband in a deed conveying a lot belonging to her, *it was held*, that possession under the deed was adverse to any interest in the lot subsequently acquired by the wife, and adverse to any outstanding interests, and did not, as to such interests, enure to the benefit of the wife.
3. No principle of the Spanish law is known, making an after acquired title enure to the benefit of a former grantee.

*Appeal from St. Louis Court of Common Pleas.*

This was an action of ejectment, begun by Frederick Norcum, in 1848, for block 16 of the city of St. Louis, in which the recovery was for thirty-seven feet on Main street, by one hundred and thirty-four feet in depth. The defendants appealed to this court. The facts are in all respects, similar to those in *Youse* v. *Norcum*, 12 Mo. Rep. 549, with the following exceptions :

In the present case, the plaintiff gave in evidence a confirmation of a lot of 240 by 150 feet to Nicholas Lecompte's representatives, by the act of congress of April 29th, 1816, and an official survey of block 16, purporting to be also a survey of the confirmation. It was proved that Nicholas Lecompte had nine children — six sons and three daughters. The sons were Nicholas Hebert, Louis or Louison, Pierre, Guillaume, Joseph and Hyacinth. The daughters were Theresé, married to Charles Buisson, Julia, married to Joseph Bissonet, and Marie Louise, married to Joseph Vasques. Louis died before his father, without children. Theresé died before her father, but left one child, who died, according to the statement of a witness, about twenty-one or twenty-two years before the trial. This statement, however, is irreconcilable with another statement of the same witness, that the child died after the death of its grandfather,·Nicholas Lecompte, at about the age of eight years. It was in evidence that Nicholas Lecompte, the elder, died in April, 1815. Charles Buisson, husband of Theresé, was alive at the death of their child. Joseph Lecompte died unmarried after his father, at the age of about fifteen.

Pierre ʻChouteau, jr., was shown the deed dated September 9, 1815, and testified that he signed the same as attorney in fact of Peter Hebert Lecompte, one of the parties thereto, under a power of attorney, but he could not find the power of attorney, and did not know what had become of it.

It will thus be seen, as the case is here presented, that there were interests which Mrs. Vasques did not acquire by the deed of September 9, 1815. These interests were, 1. That of the child of Theresé, wife of Charles Buisson, unless the child died before that deed was executed, in which case its interest passed, the deed having been executed by its father and heir. 2. That of Joseph Lecompte, unless he died before the date of the deed. 3. That of Peter Hebert Lecompte, unless the execution of the deed by Chouteau was effectual to pass his interest.

The deed of September 9, 1815, was a partition deed, executed by the children and heirs of Nicholas Lecompte, the elder,

making a division of his estate ; by which, a lot of thirty-five feet, French measure, in block 16, was set apart to Marie Louise, wife of Joseph Vasques. This is the lot in controversy.

The deed from Vasques and wife to Hanley, made in 1816, during the minority of Mrs. Vasques, the mortgage from Hanley to Mullanphy, the foreclosure of the same, and the sheriff's deed to Mullanphy, under whom the defendant is in possession, were in evidence in this case, as in the case of *Youse v. Norcum*. It was in evidence that Mullanphy entered into possession under the sheriff's deed in 1824 or 1825, and made improvements.

The plaintiff claimed under a deed from Louis A. Labeaume, to whom Joseph Vasques and wife, by deed dated April 24th 1846, conveyed the same lot conveyed by their deed of 1816 during the wife's minority. Joseph Vasques was dead when this suit was commenced. Both he and his wife resided in St. Louis county up to his death.

The court instructed the jury that the deed of 1846, from Vasques and wife to Labeaume, avoided their deed of 1816 to Hanley, if Mrs. Vasques was then a minor, and refused to instruct that the fact that neither Vasques nor his wife rescinded or attempted to rescind the deed of 1816, within four years after the wife's majority, or the fact of their silence while those claiming under the deed of 1816 were making improvements, amounted to a ratification. As to the outstanding interests in the lot, not vested in Mrs. Vasques by the partition deed of September 9th, 1815, the court gave the following instruction for the plaintiff :

4. By the marriage of Joseph Vasques with Marie Louise Lecompte, he became possessed of an estate in the premises in controversy for his life, and if John Mullanphy and his heirs or representatives entered into possession under Joseph Vasques, and have possessed under him for more than twenty years, such possession, under the circumstances of this case, was adverse to any other claimant under Nicholas Hebert, *dit*

Lecompte, and every such claimant is barred, unless proved to be within some one of the exceptions in the statute of limitations. Such bar is available to the plaintiff in this suit, claiming under Marie Louise, wife of said Vasques, who had the estate in remainder after the death of her husband.

*E. Bates* and *J. R. Shepley*, for appellants. 1. The case of *Youse* v. *Norcum*, 12 Mo. Rep. 549, in which it was decided that the deed of Vasques and wife to Labeaume in 1846, annulled their deed to Hanley, made in 1816, stands alone among a train of decisions on the same subject, and we think ought to be reviewed. 2. If, however, the plaintiff could recover at all, he could only recover such portions of the lot as Vasques and wife conveyed to Hanley, and in addition thereto, such portion as Marie Louise Vasques subsequently acquired by inheritance. The evidence showed that two, if not three, of the eight shares of the estate of Nicholas Hebert Lecompte were not obtained by the deed of September 9th, 1815. The title acquired by the grantors in the deed to Mrs. Vasques, by inheritance from the child of Mrs. Buisson and from Joseph Lecompte, did not enure to Vasques and wife. That title is now either outstanding, or it is barred by the twenty years' adverse possession of Mullanphy and those claiming under him; in neither of which cases can it be recovered by the plaintiff. The respondents show no authority for the *dictum* that by the Spanish law, an after acquired title enured to the grantee. 3. The court erred in instructing the jury that Mullanphy's possession enured to the benefit of the plaintiff. Mullanphy's possession was adverse to Vasques and wife and to the plaintiff, as to all portions which Mrs. Vasques had not acquired by deed or inheritance, and gave him a *title* to those portions. 5 Peters, 438. 16 Peters, 492. 5 Serg. & Raw. 236. *Biddle* v. *Mellon*, 13 Mo. Rep. 335. 8 Wend. 440. 13 Conn. 235. The title thus acquired by possession to those portions never owned by Vasques and wife, no more enured to Mrs. Vasques or those claiming under her, than would a title which Mullanphy had acquired to those portions by *deed.*

*W. L. Williams*, for respondent. 1. The deed to Mrs. Vasques was made in Spanish times, and by the Spanish law, was sufficient to pass any after acquired interest of any of the parties thereto. The interest of Pierre Lecompte passed by the deed, which was signed for him by Chouteau, his attorney. By the Spanish law, an attorney may act in his own name, stating for whom he acts. The share of the child of Theresé, upon its death, went to its father, Charles Buisson, who was one of the grantors in the deed to Mrs. Vasques. If Joseph died before the deed to Mrs. Vasques was executed, then his share passed by that deed. If, however, he was alive when that deed was executed, and died afterwards, then his share went to his brothers and sisters and their representatives, and enured to Mrs. Vasques by virtue of their deed to her. Thus in fact there were no outstanding interests. 2. If, however, there were any outstanding interests, then they were barred by the twenty years' adverse possession of Mullanphy and those claiming under him, and this bar was available to the plaintiff, as is asserted in the fourth instruction. An outstanding title is extinguished by twenty years' adverse possession, and cannot be set up by the party in possession under a deed conveying a life estate, to defeat the title of the reversioner. Tillinghast's Adams, p. 30. *Peck* v. *Carmichael*, 9 Yerg. 325. 4 J. R. 202. 4 Dana, 561-2. 9 Dana, 452. 3 Wash. C. C. R. 498.

RYLAND, Judge, delivered the opinion of the court.

1. The facts in this case, that is, the main facts on which the questions of importance arise, are substantially the same as those in the case of *Youse* v. *Norcum*, heretofore decided by this court, (12 Mo. Rep. 549,) and to that case we refer as deciding this.

2. Yet this case must be reversed, because of the latter part of the fourth instruction given for the plaintiff. This part of the instruction operates in favor of the plaintiff, by making

Mullanphy's possession enure to the benefit of plaintiff, whereas, Mullanphy's possession was adverse to the right which Mrs. Vasques acquired after the deed of herself and husband to Hanley, and was adverse to all others.

3. We know of no principle of the Spanish law, making an after acquired title enure to the benefit of a former grantee.

The judgment is reversed, and the cause remanded; Judge Scott concurring; Judge Gamble not sitting.