Peterson v. Laik.

———————

PETERSON & WIFE, Appellants, v. LAIK, Respondent.

| 24 | 541 |
|---|---|
| 100 | 589 |
| 24 | 541 |
| 101 | 477 |
| 24 | 541 |
| 125 | 449 |
| 24 | 541 |
| 150 | 616 |

1. Where in an action in the nature of an action of ejectment the defendant in his answer denies the co-tenancy alleged by plaintiff, no stronger evidence of an ouster will be required of plaintiff than in a case where no co tenancy exists.

2. Where a minor executes a deed of conveyance of land, and after attaining majority conveys the same land to a third person, the second deed is a disaffirmance of the first. This is a question of law, and should not be submitted to a jury.

*Appeal from St. Louis Land Court.*

Touissant Tourville died in the year 1833, owning the land in controversy. He left eight children him surviving. Paschall and Catherine, two of said children, by deeds dated respectively April 1, 1834, and April 10, 1834, conveyed their shares (two-eighths) to Pierre and Charles Tourville. Defendant claims title through mesne conveyances from said Pierre and Charles Tourville. By deed dated April 26, 1854, the said Catherine, having then attained her majority, and her husband, conveyed to Mrs. Peterson, one of plaintiffs, the share (one-eighth) that had been previously conveyed by her by the deed dated April 10, 1834. This deed contained no reference or allusion to the

35—VOL. XXIV.

said deed of April 10, 1834. In the year 1850, Paschall, being then of age, conveyed to Charles Tourville the interest previously conveyed by him by deed dated April 1st, 1834. This deed contained no allusion or reference to the said deed of April 1st, 1834. Charles Tourville by deed dated June 26, 1854, conveyed said one-eighth to Mrs. Peterson, one of plaintiffs.

The plaintiffs moved the court to instruct the jury " that the deed of a minor under the age of twenty-one years is voidable, and that a subsequent deed duly executed for same land is such an avoidance." The court refused to give said instruction, and in lieu thereof gave the following : " 1. The law is that if Paschall and Catherine Tourville respectively, when minors, made deeds of conveyance of their interest in their father's real estate, (the land in question,) such deeds were voidable only, not void ; and after coming of age respectively, they had power to avoid them respectively by making other deeds for that purpose and intended to have that effect ; and it is for the jury to determine in this case whether or no the deeds offered in evidence from said Paschall and Catherine respectively were for that purpose and intended to have that effect." The court also, on motion of defendant, gave the following instructions : " 2. If the jury believe that no division has ever been made between the heirs of Touissant Tourville, sr., of the land in question, or a partition had, and that the plaintiffs claim only an undivided share in the same, and are tenants in common with defendant, they will find for the defendant, unless the jury believe that defendant has either actually put the plaintiffs out of possession or hindered and prevented them from entering into possession of that part of the land which they, the plaintiffs, claim to hold in common with the defendant. 3. If the jury find that Catherine and Paschall were minors at the time of the execution of their first deeds respectively to Pierre and Charles Tourville, but never disaffirmed those acts and deeds when they became of age, then the original deeds hold good notwithstanding the infancy of the grantors ; and deeds executed subsequently to their becoming adults, conveying away the

same estate conveyed in such original deeds executed during infancy, not expressly disaffirming those deeds, are not conclusive as to disaffirmance; and it is for the jury to determine from the terms of such deeds and other evidence whether the same were intended as a disaffirmance or not."

*Morehead*, for appellants.

I. The court erred in refusing the instruction asked by plaintiffs.

II. It was error to submit the question of disaffirmance to the jury, It was a question of law. (1 Mo. 68; 7 Mo. 607; 1 Bibb, 283; 6 Mo. 267, 279; 16 Mo. 62; 12 Mo. 549; 19 Mo. 65; 21 Mo. 25; 10 Pet. 59; 11 Johns. 539; 14 Johns. 124.)

III. The second instruction was erroneous. (Adams' Ejectment, 55, 56, 88; 3 Conn. 191.)

*Kribben*, for respondent.

Scott, Judge, delivered the opinion of the court.

Under the circumstances of the case, the instruction given by the court as a substitute for that offered by the plaintiff was erroneous. As the defendant in her answer under oath denies the right of the plaintiffs to the premises, they, for the purposes of the suit, could not be regarded as co-tenants. The instruction gave the defendant all the benefit of an actual co-tenancy in making her defence, while at the same time she holds the plaintiffs at arm's length, and denies that they have any title. The law of ouster in an action of ejectment between co-tenants, wherein the one denies that the other ever had any title to the disputed premises, must be the same as in an action between those who are connected by no such relation. If the defendant wanted the benefit of the facts assumed in the instruction, why in her answer did she not disclaim to hold adversely to the plaintiffs? She would in one breath deny that the plaintiffs were her co-tenants, and in the other claim the benefit of the relation. Where one co-tenant seeks to bar

another on the ground of adverse possession, the law requires proof of unequivocal acts showing an actual ouster. So where the title of the plaintiff as a co-tenant is not disputed by the defendant, and the case turns on the fact whether there has been a disseizin of one co-tenant by another, the plaintiff must show an actual ouster, or that some act was done by the defendant amounting to a total denial of the right of the plaintiff as a co-tenant. But in an action wherein the co-tenancy is denied ever to have existed, there is no reason why stronger evidence of an ouster should be required of one claiming as co-tenant than any other party. In such case the 11th section of the act concerning ejectment has no application. By filing such an answer as was put in in this case, an act was done which showed that the defendant made a total denial of the right of the plaintiffs as co-tenants.

There was error in submitting to the jury the construction of the deeds read in evidence. Whether the deeds amounted to a disaffirmance of the act done by those who executed them while they were infants was a question of law for the determination of the court. That a deed executed by one who has attained his majority, conveying lands, which he had alienated during his infancy, is a disaffirmance of the deed of alienation made during his infancy, is the well-settled doctrine of this court. The acquiescence of the infant, after his reaching his full age, for a period short of that which would secure a title by the statutes of limitations, does not destroy or take away the right which the law for wise purposes has conferred on infants of disaffirming their deeds. Whether the infant may not after attaining full age, within a shorter time, by his declarations, acts or conduct, restrain himself from a disaffirmance of his acts done during infancy, is a question not presented by any thing contained in this record. In the case before us, we are of the opinion that the deeds, executed by the infants after they attained their majority and relied on by the plaintiffs, amounted to a disaffirmance of the deeds made for the same land during their infancy. (Youse v. Norcoms, 12 Mo. 549; Norcum v.

Gaty, 19 Mo. 65 ; Tucker et al. v. Moreland, 10 Pet. 72 ; Carpenter v. Jackson, 11 Johns. 539 ; Jackson v. Burchin, 14 Johns. 124.)

Judge Ryland concurring, the judgment is reversed and the cause remanded ; Judge Leonard absent.