MARY H. GOODNOW and another *vs.* EMPIRE LUMBER COMPANY and another.

January 28, 1884.

**Deed of Infant—Disaffirmance.**—A minor who executes a conveyance of real estate must disaffirm it within a reasonable time after he comes of age, or be barred of his right to do so.

**Same—Unreasonable Delay—Question for Court.**—Where there is mere delay to disaffirm after coming of age, and there is nothing to explain or excuse it or show its necessity, whether the delay is for more than a reasonable time, is a question for the court. A delay of three years and a half unexplained is unreasonable,

Appeal by defendants from an order of the district court for Winona county, *Start*, J., presiding, overruling a demurrer to the complaint, the substance of which is stated in the opinion.

*Thomas Wilson*, for appellants.

*J. M. Gilman* and *W. H. Yale*, for respondents.

Mere acquiescence, short of the statutory period of limitations, after the removal of the disability, never operates as a confirmation of an infant's deed. This is as firmly settled as adjudications can settle any proposition.

Elizabeth M. Hamilton, the mother of plaintiffs, lived only four or five years after majority, and was under the disability of coverture during that time, so that neither silent acquiescence nor any other act on her part would work a ratification of her deed made during infancy, except joining with her husband in a deed of release. One of the plaintiffs was married before she became of age, and the other within three years after. There was therefore no unreasonable delay in avoiding the deed. Coverture, like infancy, is a disability which neutralizes lapse of time, and arrests the running of the statute of limitations.

GILFILLAN, C. J. November 27, 1857, Elizabeth M. Hamilton, then a married woman and owner of certain real estate in the city of Winona, conveyed the same, her husband joining in the deed, to the defendant Huff, under whom the other defendant claims. Mrs. Hamilton was born April 21, 1842. She died December 16, 1867,— and her husband died November 10, 1874. Plaintiffs are their children, Mary, born March 31, 1859, and Eugenia, January 29, 1863. They bring the action to avoid the conveyance, because of the minority of Elizabeth M. Hamilton when she executed it. Plaintiffs gave notice to the lumber company of their intent to disaffirm the conveyance, March 22, 1883. Treating this as a sufficient act of disaffirmance in case they then had the right to disaffirm,— and it is not material whether it was or not, for the bringing of the action, which was sufficient, immediately followed,—there elapsed between the execution of the deed and its disaffirmance twenty-five years and four months. The disability of infancy on the part of the infant grantor ceased April 21, 1863, and, as the real estate was owned by her at the time of her marriage, her disability from coverture, so far as affected her right to reclaim, hold and control the property, ceased August 1, 1866, when the General Statutes (1866) went into effect; so that for four years and eight months before she died, she was free of the disability of infancy, and for one year four and a half months, she was practically free of the disability of coverture. During the latter period, at least, she was capable in law to disaffirm the deed, if she had the right to do so; and if she was required to exercise the right within a reasonable time after her dis-

ability ceased, the time was running for that period. The youngest of the plaintiffs became of age January 29, 1881, so that, even if the period of minority of plaintiffs were to be excluded, (and we doubt if it should be,) there is to be added at least two years and two months to the time which had elapsed when the grantor died, making the time three years and over six months.

The main question in the case is, must one who, while a minor, has conveyed real estate, disaffirm the conveyance within a reasonable time after minority ceases, or be barred? Of the decided cases the majority are to the effect that he need not, (where there are no circumstances other than lapse of time and silence,) and that he is not barred by mere acquiescence for a shorter period than that prescribed in the statute of limitations. The following are the principal cases so decided: *Vaughan* v. *Parr,* 20 Ark. 600; *Boody* v. *McKenney,* 23 Me. 517; *Davis* v. *Dudley,* 70 Me. 236; *Prout* v. *Wiley,* 28 Mich. 164; *Youse* v. *Norcum,* 12 Mo. 549; *Norcum* v. *Gaty,* 19 Mo. 65; *Peterson* v. *Laik,* 24 Mo. 541; *Baker* v. *Kennett,* 54 Mo. 82; *Huth* v. *Car. Mar. Ry. & Dock Co.,* 56 Md. 202; *Hale* v. *Gerrish,* 8 N. H. 374; *Jackson* v. *Carpenter,* 11 John. 539; *Voorhies* v. *Voorhies,* 24 Barb. 150; *McMurray* v. *McMurray,* 66 N. Y. 175; *Lessee of Drake* v. *Ramsay,* 5 Ohio, 252; *Cresinger* v. *Lessee of Welsh,* 15 Ohio, 156; *Irvine* v. *Irvine,* 9 Wall. 617; *Ordinary* v. *Wherry,* 1 Bailey, 28.

On the other hand, there are many decisions to the effect that mere acquiescence beyond a reasonable time after the minority ceases bars the right to disaffirm, of which cases the following are the principal ones: *Holmes* v. *Blogg,* 8 Taunt. 35; *Dublin & W. Ry. Co.* v. *Black,* 8 Exch. 181; *Thomasson* v. *Boyd,* 13 Ala. 419; *Delano* v. *Blake,* 11 Wend. 85; *Bostwick* v. *Atkins,* 3 N. Y. 53; *Chapin* v. *Shafer,* 49 N. Y. 407; *Jones* v. *Butler,* 30 Barb. 641; *Kline* v. *Beebe,* 6 Conn. 494; *Wallace* v. *Lewis,* 4 Harr. 75, 80; *Hastings* v. *Dollarhide,* 24 Cal. 195; *Scott* v. *Buchanan,* 11 Humph. 467; *Hartman* v. *Kendall,* 4 Ind. 403; *Bigelow* v. *Kinney,* 3 Vt. 353; *Richardson* v. *Boright,* 9 Vt. 368; *Harris* v. *Cannon,* 6 Ga. 382; *Cole* v. *Pennoyer,* 14 Ill. 158; *Black* v. *Hills,* 36 Ill. 376; *Robinson* v. *Weeks,* 56 Me. 102; *Little* v. *Duncan,* 9 Rich. (S. C.) Law, 55.

The rule holding certain contracts of an infant voidable, (among

them his conveyances of real estate,) and giving him the right to affirm or disaffirm after he arrives at majority, is for the protection of minors, and so that they shall not be prejudiced by acts done or obligations incurred at a time when they are not capable of determining what is for their interest to do. For this purpose of protection the law gives them an opportunity, after they have become capable of judging for themselves, to determine whether such acts or obligations are beneficial or prejudicial to them, and whether they will abide by or avoid them. If the right to affirm or disaffirm extends beyond an adequate opportunity to so determine and to act on the result, it ceases to be a measure of protection, and becomes, in the language of the court in *Wallace* v. *Lewis,* "a dangerous weapon of offence, instead of a defence." For we cannot assent to the reason given in *Boody* v. *McKenney,* (the only reason given by any of the cases for the rule that long acquiescence is no proof of ratification,) "that by his silent acquiescence he occasions no injury to other persons, and secures no benefits or new rights to himself. There is nothing to urge him as a duty to others to act speedily." The existence of such an infirmity in one's title as the right of another at his pleasure to defeat it, is necessarily prejudicial to it; and the longer it may continue, the more serious the injury. Such a right is a continual menace to the title. Holding such a menace over the title is of course an injury to the owner of it; one possessing such a right is bound in justice and fairness towards the owner of the title to determine without unnecessary delay whether he will exercise it. The right of a minor to disaffirm on coming of age, like the right to disaffirm in any other case, should be exercised with some regard to the rights of others,—with as much regard to those rights as is fairly consistent with due protection to the interests of the minor.

In every other case of a right to disaffirm, the party holding it is required, out of regard to the rights of those who may be affected by its exercise, to act upon it within a reasonable time. There is no reason for allowing greater latitude where the right exists because of infancy at the time of making the contract. A reasonable time after majority within which to act is all that is essential to the infant's protection. That 10, 15, or 20 years, or such other time as

the law may give for bringing an action, is necessary as a matter of protection to him, is absurd. The only effect of giving more than a reasonable time is to enable the mature man, not to correct what he did amiss in his infancy, but to speculate on the events of the future —a consequence entirely foreign to the purpose of the rule, which is solely protection to the infant. Reason, justice to others, public policy, (which is not subserved by cherishing defective titles,) and convenience, require the right of disaffirmance to be acted upon within a reasonable time. What is a reasonable time will depend on the circumstances of each particular case, and may be either for the court or for the jury to determine. Where, as in this case, there is mere delay, with nothing to explain or excuse it, or show its necessity, it will be for the court. *Cochran* v. *Toher*, 14 Minn. 293, (385;) *Derosia* v. *W. & St. P. R. Co.*, 18 Minn. 119, (133.) Three years and a half, the delay in this case, (excluding the period of plaintiffs' minority,) after the time within which to act had commenced to run, was *prima facie* more than a reasonable time, and *prima facie* the conveyance was ratified.

Order reversed.