# T. K. KELLY, JR. v. E. J. FURLONG AND OTHERS.[1]

May 24, 1935.

No. 30,229.

*Irving H. Green,* for appellant.
*Snyder, Gale & Richards,* for respondents.

DEVANEY, CHIEF JUSTICE.

This is a suit to disaffirm and to rescind certain transactions had between plaintiff and this defendant during plaintiff's infancy. Defendant is a stockbroker. Between September 10 and December 27, 1929, plaintiff purchased from or through the defendant 15 shares of stock of a certain corporation for which he paid $1,207.25 in cash. Between March 12, 1930, and May 20, 1930, plaintiff sold these same

[1]Reported in 261 N. W. 460.

shares of stock back to or through defendant for $755.07 cash, thereby sustaining a loss. At all times above mentioned plaintiff was a minor. He arrived at his majority December 8, 1932. July 6, 1933, within two days of seven months after reaching his majority, he brought this action to disaffirm the contracts and to have the transactions voided. He seeks to recover $452.18, the difference between what he paid for the stock and the price for which he sold it. This was not a marginal purchase and was not a gambling transaction. Further, there is no evidence of overreaching or fraud on defendant's part such as would avoid the contracts on that ground. Plaintiff here is seeking to disaffirm his contracts solely upon the ground that he was an infant at the time of entering into them.

The court instructed the jury that plaintiff, though he had a right to disaffirm these transactions upon becoming of age, was bound to exercise this right within a reasonable time. He left the question to the jury as to whether plaintiff, in waiting until within two days of seven months after reaching majority, had acted within a reasonable time. The jury returned a verdict for defendant. From a denial of the usual blended motion for judgment notwithstanding the verdict or for a new trial, plaintiff takes this appeal. The only question presented is whether the evidence sustains the verdict.

The law of infants' contracts is well settled in this state. Where a contract, voidable by the infant, is fully executed, as here, the infant must disaffirm the same within a reasonable time after reaching his majority or not at all. Goodnow v. Empire Lbr. Co. 31 Minn. 468, 18 N. W. 283, 47 Am. R. 798. The infant is required to take some affirmative action. Mere silence on his part will constitute a confirmation after the lapse of a reasonable time. Our court has evidenced a tendency to deal rather strictly with infants. In cases where no fraud is present an infant must restore what he has received under the contract to the extent of the benefits actually derived by him in order to disaffirm it after reaching majority. Berglund v. American M. S. Co. 135 Minn. 67, 160 N. W. 191; Johnson v. Northwestern Mut. L. Ins. Co. 56 Minn. 365, 372, 57 N. W. 934, 59 N. W. 992, 26 L. R. A. 187, 45 A. S. R. 473. As to the rule

in fraud cases where an infant is involved, see Gislason v. Henry L. Doherty & Co. 194 Minn. 476, 260 N. W. 883. In many other jurisdictions an infant may disaffirm a contract and need not return the consideration which he received or the value thereof if the same has been wasted, used, or destroyed. See collection of cases so holding in 1 Williston, Contracts, § 238, pp. 461-462. Our court adequately protects an infant but yet requires him to deal fairly and honestly with others. He is not allowed to profit from the mere fact of infancy. He cannot speculate at the expense of another. Infancy is a shield, not a sword. Goodnow v. Empire Lbr. Co. 31 Minn. 468, 18 N. W. 283, 47 Am. R. 798. We must bear this attitude in mind in deciding this case.

Here plaintiff did not bring his action to rescind the transactions until within two days of seven months after reaching majority. Whether or not this was a reasonable time was a fair question for the jury. The jury found against plaintiff. This finding must stand.

"What is a reasonable time [within which to disaffirm] will depend on the circumstances of each particular case, and may be either for the court or for the jury to determine." Goodnow v. Empire Lbr. Co. 31 Minn. 468, 472, 18 N. W. 283, 285, 47 Am. R. 798.

Against the conclusion here reached, plaintiff points out that this was a fully executed contract. He argues that since by his delay no benefits accrued to him and no detriment was occasioned to defendant he should be allowed to disaffirm the contracts at any time within six years after becoming of age. He thus attempts to use the period allowed by the statute of limitations as the reasonable time within which to disaffirm. Apparently there is authority to sustain him in this contention. It is of interest to note that the same argument was raised in the case of Goodnow v. Empire Lbr. Co. 31 Minn. 468, 18 N. W. 283, 285, 47 Am. R. 798. That case represented an attempt to disaffirm a conveyance of land several years after the grantor had attained majority. In disposing of this contention against the grantor, the court said [31 Minn. 471]:

"We cannot assent to the reason given in .Boody v. McKenney (the only reason given by any of the cases for the rule that long acquiescence is no proof of ratification), 'that by his silent acquiescence he occasions no injury to other persons, and secures no benefits or new rights to himself. There is nothing to urge him as a duty to others to act speedily.' "

It was sufficient detriment to the grantee in that case that the grantor's unexercised claim constituted a cloud on title. We need not here decide whether the rule for which plaintiff contends prevails in this state, but only that if it does it has no application to these facts. Clearly defendant would suffer detriment if plaintiff were not required to disaffirm within a reasonable time but were permitted to disaffirm at any time within six years. During all that time defendant's assets would be subject to a contingent claim. If such contingent claims were numerous, the conduct of defendant's business would be seriously hampered and its credit rating affected. We do not think defendant should be required to wait six years after plaintiff attains his majority to know that the claim is definitely settled. It has a right to compel plaintiff to disaffirm within a reasonable time and to assume that plaintiff does not intend to disaffirm if he remains silent and inactive until a reasonable time has elapsed. What is such a reasonable time of course depends upon the facts of each case and is usually a question for the jury unless it is so clear one way or the other that the court can decide it as a matter of law. This holding accords with the general policy of this court as above outlined to protect infants fully but not to permit the infant to profit unduly or to occasion injury to others. because of his infancy.

The fact that the plaintiff in this case did not know of his right to disaffirm until about six months after reaching majority and that upon learning of his rights he acted within 30 days is deserving of no consideration. Ignorance of the existence of his right to disaffirm is immaterial. Rubin v. Strandberg, 288 Ill. 64, 122 N. E. 808; see note in 5 A. L. R. 133. Ignorance of the law is no excuse. Hence plaintiff's knowledge or lack of knowledge of the law is immaterial to a decision of this case.

Plaintiff assigns as error that part of the charge wherein the court said:

"To avoid such a contract on the ground of his infancy the infant must disaffirm it promptly within a reasonable time after he reaches his majority."

Though perhaps the word "promptly" was inadvisedly used therein, it cannot be said that its use was error in view of our decision in Eisenmenger v. Murphy, 42 Minn. 84, 86, 43 N. W. 784, 785, 18 A. S. R. 493, wherein the court said:

"The judgment being erroneous only, and not void, it was incumbent on the defendant to move promptly to set it aside, or at least within a reasonable time after he became of age."

We have examined the other assignments of error and find nothing prejudicial therein.

Affirmed.