## JACK F. GISLASON v. HENRY L. DOHERTY & COMPANY AND ANOTHER.[1]

May 24, 1935.

No. 30,316.

*Briggs, Weyl & Briggs,* for appellant.
*Hall & Catlin,* for respondent.

[1]Reported in 260 N. W. 883.

HILTON, JUSTICE.

In this, an action for the rescission of executed contracts for the purchase of 35 shares of common stock of the Cities Service Company and to recover $754.37 paid therefor and interest, plaintiff prevailed. Defendant Henry L. Doherty & Company appealed from the judgment entered after the denial of its motion for amended findings of fact and conclusions of law.

On October 10, 1930, plaintiff, then a minor 19 years of age, by instalment contract purchased 20 shares of Cities Service Company stock at $24⅞ per share from appellant's local agent at Marshall, Minnesota. On November 9, 1930, by two separate like contracts he purchased 15 more shares at $17⅛ per share. The shares of stock thus contracted for were eventually paid for in full. A certificate for five shares was issued to plaintiff on March 26, 1931, a certificate for 20 shares was issued to him on August 21, 1931, and a certificate for 10 shares was issued to him on September 18, 1931. While he was paying on his account he received approximately $20 as interest; thereafter he received various small amounts in cash and a certificate for two shares as dividends. Plaintiff reached his majority on November 29, 1931. On December 4, 1931, he executed an agreement whereby the accumulations of dividends were held for reinvestment by appellant. In the latter part of December he notified appellant of a change of his address. On September 2, 1932, he received a check for $4.02 in liquidation of his account. No further dividends were paid. On February 25, 1933, plaintiff sent to appellant a notice of rescission, in which he requested a return of the money paid and offered to return, but did not inclose, the certificates for the 37 shares of stock. He did return therewith the $4.02 referred to above.

The appeal questions the sufficiency of the evidence to support the findings of fact that there was fraud or misrepresentation in the sale of the stock to plaintiff; that there was a rescission of the contracts within a reasonable time after plaintiff reached his majority; that there was a tender of the stock to defendant at the time of the notice of rescission or at any other time.

Plaintiff testified that appellant's agent from whom he purchased the stock represented to him that the Cities Service Company owned several oil wells, refineries, gas lines, several power plants, and gas stations, and that there was no reason why the investment should not make plaintiff "rich in a hurry." The agent testified that he told plaintiff that Cities Service Company "owned and operated a group of companies which sold natural gas, gasolene, and oil and electricity in a good many communities in the United States and also in foreign countries." By stipulation at the trial appellant admitted, and admits here, that the Cities Service Company did not own any of the things above recited; that it was a holding company, owning a majority of the stock in various companies that did own and operate oil wells, power plants, etc. Plaintiff was not told, nor, according to his testimony, did he know that Cities Service Company was merely a holding company. He testified that if he had known that it was a holding company and did not own the properties as claimed he would not have purchased its stock; that he relied upon the representations of the agent and that he did not discover the falsity of the representations until around the time the suit was started.

The party contracting with an infant has the burden of proving that the contract was a fair, reasonable, and provident one, not tainted with fraud, undue influence, or overreaching on his part. Johnson v. N. W. Mut. L. Ins. Co. 56 Minn. 365, 372, 57 N. W. 934, 59 N. W. 992, 26 L. R. A. 187, 45 A. S. R. 473; Klaus v. A. C. Thompson A. & B. Co. 131 Minn. 10, 154 N. W. 508; 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) §§ 4443, 4450. From the evidence above recited, it is clear that appellant has failed to establish that the purchase of the stock was a reasonable and provident venture for the infant. It is equally clear that it has failed to prove the absence of fraud. Appellant asserts that there was no fraud in representing that the Cities Service Company was the owner of the various businesses and properties referred to, because in law a corporation owning the controlling stock of another corporation is deemed to be the owner of the subsidiary company. It is true that for certain purposes a holding company is considered the owner of the business

of the subsidiary companies. 1 Mason Minn. St. 1927, § 3996-6(c); C. M. & St. P. Ry. Co. v. Minneapolis C. & C. Assn. 247 U. S. 490, 38 S. Ct. 553, 62 L. ed. 1229; Federal Trade Comm. v. Thatcher Mfg. Co. 5 F. (2d) 615; State v. C. & N. W. Ry. Co. 133 Minn. 413, 158 N. W. 627. We do not think, however, that under the circumstances here that view has any bearing.

Appellant asserts that plaintiff's conduct after he reached his majority was such as to constitute an affirmance of his contracts. Informing the company of his change of address and entering into the contract with respect of the accumulated dividends after arriving at full age, under the circumstances here, did not constitute an affirmance as a matter of law. Whether a contract entered into by an infant has been ratified or affirmed by him after majority is usually a question of fact, or of mixed fact and law. Dixon v. Merritt, 21 Minn. 196. Whether the contract was disaffirmed within a reasonable time is a question of fact for the trier of fact. 3 Dunnell, Minn. Dig. (2 ed.) § 4446. On the record here the court's affirmative finding has sufficient support in the evidence.

Where one dealing with an infant is guilty of fraud or bad faith the infant may recover back all he had paid without making restitution, except to the extent to which he still retained in specie what he had received. Johnson v. N. W. Mut. L. Ins. Co. 56 Minn. 365, 372, 57 N. W. 934, 59 N. W. 992, 26 L. R. A. 187, 45 A. S. R. 473. The certificates of stock should have been tendered at the trial. It does not appear that they were, but they were exhibits in the case and are now in the custody of the court.

The judgment is affirmed on condition that the certificates of stock issued to plaintiff be surrendered and returned to appellant.

STONE and LORING, JUSTICES (concurring specially).

We concur in the result on the ground of fraud alone. We think the record shows affirmance after reaching majority but not after discovery of the fraud.