Oscar James MASON, Petitioner, Appellant,

v.

**STATE of Minnesota, Respondent.**

No. C4-02-673.

Court of Appeals of Minnesota.

Oct. 22, 2002.

---

John M. Stuart, State Public Defender, Leslie Joan Rosenberg, Assistant Public Defender, Minneapolis, MN, for appellant.

Mike Hatch, Attorney General, St. Paul, MN; and Amy J. Klobuchar, Hennepin County Attorney, David Craig Brown, Assistant County Attorney, Minneapolis, MN, for respondent.

Considered and decided by WILLIS, Presiding Judge, TOUSSAINT, Chief Judge, and MINGE, Judge.

## OPINION

TOUSSAINT, Chief Judge.

On appeal from an order denying his postconviction challenge to a restitution order, appellant Oscar James Mason argues that the postconviction court (a) erred in reserving the restitution issue at sentencing, (b) erred in issuing its restitution order after sentencing, and (c) misinformed him about the proper procedure for challenging a restitution order. Because Mason did not request a hearing within 30 days after receiving notice of the restitution amount requested, as required by Minn.Stat. § 611A.045, subd. 3(b) (2000), we affirm.

## FACTS

In April 2000, Oscar Mason pleaded guilty to second-degree burglary and to

receiving stolen goods. Pursuant to the plea agreement, the district court sentenced Mason to concurrent prison terms of 36 and 26 months, and Mason agreed to pay restitution for the out-of-pocket expenses his two victims incurred as a result of his crimes. At the sentencing hearing, the district court reserved the restitution issue because it had not yet received a restitution request from one of the victims. Mason agreed to the court's reservation of the issue and waived a presentence investigation so that he could begin serving his sentence as soon as possible. The court told Mason that if he disagreed with the restitution order, he could "object and have a hearing." The court also told Mason that he would receive a letter informing him of the restitution amount requested and that he should let the court know "if [he] want[ed] to fight it."

On January 23, 2001, Mason received a memorandum from the Department of Corrections notifying him that the court had ordered $1,940.70 in restitution. On March 13, 2001, Mason received notice that judgment in that amount had been entered. The March 13 notice listed the dollar amounts and specific items for which restitution had been ordered.

Later in March, Mason unsuccessfully sought the assistance of Legal Assistance to Minnesota Prisoners (LAMP) and the State Public Defender's Office in challenging the restitution amount. In October, more than six months after receiving notification of the restitution amount requested, Mason filed a postconviction petition contesting the portion of the order awarding one of the victims restitution for the purchase and installation of a new home security system. The postconviction court heard Mason's petition in January 2002, and later denied it, reasoning that the request for a hearing was untimely under Minn.Stat. § 611A.045, subd. 3(b) (2000). This appeal followed.

## ISSUES

Did the court err by rejecting Mason's postconviction challenge to the restitution order as untimely?

## ANALYSIS

■ We review a postconviction court's order to determine whether the record supports the court's findings. *Dukes v. State*, 621 N.W.2d 246, 251 (Minn. 2001). In so doing, we defer to the court's findings and will reverse only if the court abused its discretion. *Id.* But we do not defer to the court's determinations regarding questions of law. *Frost–Benco Elec. Ass'n v. Minn. Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

As part of the disposition of a criminal charge, a victim may receive restitution for any out-of-pocket losses resulting from the crime. Minn.Stat. § 611A.04, subd. 1(a) (2000). To be considered at the sentencing hearing, all information regarding restitution must be received by the court administrator at least three days before the hearing. *Id.* The court may reserve the restitution issue "if the victim's affidavit or other competent evidence submitted by the victim is not received in time." *Id.* Similarly, the court may issue a restitution order after sentencing if, among other things, "the true extent of a victim's loss * * * [is] not known at the time of the sentencing * * * hearing." Minn.Stat. § 611A.04, subd. 1(b) (2000).

Once restitution has been requested, a defendant may challenge the amount of restitution or specific items of restitution by (a) submitting a detailed affidavit setting forth all challenges to the restitution requested and providing specific reasons why a different restitution amount is appropriate and (b) "requesting a hearing

within 30 days of receiving written notification of the amount of restitution requested, or within 30 days of sentencing, whichever is later." Minn.Stat. § 611A.045, subd. 3 (2000). Under the statute, "[a] defendant may not challenge restitution after the 30–day time period has passed." *Id.*, subd. 3(b).

■ Mason first argues that the court improperly reserved restitution because the state knew the extent of the second victim's loss at sentencing and simply failed to disclose it. But the statute does not condition the power to reserve restitution on whether the state knew the extent of the victim's loss at sentencing. Instead, it provides that restitution may be reserved "if the victim's affidavit or other competent evidence submitted by the victim is not received in time." Minn.Stat. § 611A.04, subd. 1(a). Here, the district court did not receive the affidavit of one of the victims or competent evidence of her loss in time. Accordingly, the court properly reserved the restitution issue. Moreover, Mason not only failed to object to the court's reservation of the issue, but also agreed to it to avoid delay and begin serving his sentence as soon as possible.

■ Mason next argues that the court improperly issued its restitution order after sentencing in violation of Minn.Stat. § 611A.04, subd. 1(b)(3), because the state knew the true extent of the victim's loss but failed to disclose it at sentencing. Mason misconstrues the statutory scheme. Subdivision 1(b)(3) allows the court to issue a restitution order after sentencing if "the true extent of the victim's loss * * * *was not known* at the time of the sentencing * * * hearing." *Id.* (emphasis added). Subdivision 1(b)(3) does not specify whose knowledge is determinative. In this respect, it is ambiguous. Read in light of subdivision 1(a), however, subdivision 1(b)(3) should be construed to mean that

the court's knowledge, rather than the victim's or the state's, is determinative. *See In re Condemnation by City of Minneapolis*, 632 N.W.2d 586, 591 (Minn.2001) (noting that statutory provisions must be interpreted in light of each other). Subdivision 1(a) allows the court to reserve restitution if at sentencing *the court* has not received an affidavit or competent evidence of a victim's loss. If the court may reserve restitution at sentencing under subdivision 1(a) because it lacks information about a victim's loss, it may, issue a post-sentencing restitution order under subdivision 1(b)(3) if at sentencing it did not know the extent of a victim's loss. Contrary to Mason's claim, the statute, read as a whole, cannot reasonably be construed to condition the issuance of a post-sentencing restitution order on whether the state knew the extent of the victim's loss but failed to disclose it at sentencing.

■ Last, Mason argues that he was not given notice that he had only 30 days to challenge the order and that the court misinformed him by telling him that to challenge restitution he need only let the court know of his challenge. We disagree. Mason's ignorance of the 30–day requirement does not excuse his failure to comply. *See, e.g., Kelly v. Furlong*, 194 Minn. 465, 468, 261 N.W. 460, 462 (1935) (stating that ignorance of right to disaffirm contract does not excuse noncompliance); *Kozisek v. Brigham*, 169 Minn. 57, 60, 210 N.W. 622, 623 (1926) (stating that ignorance of statute of limitations does not excuse noncompliance). And, contrary to Mason's claim, the court did not misrepresent the statutory requirements for challenging a restitution order; it simply did not tell Mason about the 30–day limit for requesting a hearing. Finally, a court has no statutory duty to inform a criminal defendant of the defendant's procedural obli-

gations. The court's incomplete statement of applicable requirements does not excuse Mason's noncompliance and, therefore, does not require that the restitution order be vacated.

■ Although the statute does not require the court to notify a criminal defendant of the time frame for challenging a restitution order, we believe that the better practice is to inform defendants of critical time requirements. We thus urge the Department of Corrections, when sending memoranda listing the restitution amount owed, and prosecutors, at sentencing, to inform criminal defendants that, to challenge a restitution order, they must file a request for a hearing within 30 days after receiving notice of the restitution amount requested.

Because the district court properly determined that Mason's postconviction challenge to the restitution order was untimely, we do not address the merits of Mason's argument that the district court abused its discretion by including the cost of one victim's new home security system in its restitution calculation.

## DECISION

Because Mason did not challenge the restitution order within 30 days after receiving notice of the restitution amount, the district court did not err in rejecting Mason's postconviction challenge as untimely.

**Affirmed.**