## MATTHEWSON AND WIFE *v.* JOHNSON AND OTHERS.

IT seems that where all the parties complainant and defendant are next of kin and heirs at law, a bill may be filed for an account of the personal estate and a partition of the real.

Where a bill stated that one of the defendants had been in possession since a certain event, and continued in possession, and the answer claimed the title under certain instruments, *held*, that a bill for a partition could not be sustained, although the inception of the possession was as tenant in common.

The cases stated in which a bill will be retained while the party proceeds to establish his right at law, and get possession. But under the positive provision of the statute, *held* that no bill can be filed where there is a hostile possession, and no action can be allowed.

Although an infant cannot have a deed avoided until coming of age, yet he may enter into possession of the rents and profits. It seems that a suit in this court for the appointment of a receiver would at least be sustained as equivalent to such an entry.

*Mr. Morrison,* for complainants.

*Mr. Sears,* for the defendant Peter H. Johnson.

*Mr. McElrath,* for defendant Letitia Wilson.

THE ASSISTANT VICE-CHANCELLOR :—This case presents very little difficulty upon its merits; but a serious one upon the frame of the pleadings.

The bill, taking all its allegations and charges together, involves two distinct matters of relief: one, the obtaining a decree for an account against Peter H. Johnson as administrator of the common ancestor, and in connection with that account, the setting aside of a purchase of a bond and mortgage and deed for the premises under which this defendant claims; the other a partition of the property.

The avoidance of the purchase is connected with the accounts of the admistrator, because if set aside, the defendant is to have an allowance for the sum actually paid to obtain the securities, they being given for a debt of the intestate. Therefore that account cannot be finally closed until this matter is disposed of. I consider that the bill properly unites these two subjects. I think also that its allegations are sufficiently precise to entitle the court to give this relief under the general prayer. But the bill also seeks—indeed its leading object is, to obtain a partition of the property. The first inquiry is, whether, apart from the statute and the question of possession, these matters can be united.

If it were necessary to decide the point, the inclination of my opinion would be to support the bill. The case of *Maud* v. *Acklom*, (2 *Simons*, 331,) which is nearest to the present, was a case in which the three plaintiffs were next of kin, and two of them heirs at law. It was held that a bill for an account of the real and personal estate was multifarious. Here the same parties are next of kin and heirs at law. In *Carmichael* v. *Browder*, (3 *Howard's Miss. Rep.* 258,) the administrator had nothing to do with the real estate which was sought to be divided. See *West* v. *Randall*, (2 *Mason*, 181,) and especially *Campbell* v. *Mackay*, (1 *My. & Cr.* 603.) But at any rate it is a fixed rule of pleading, that an objection of this nature must be taken by demurrer, and cannot be taken at the hearing. The clause in the bill asking the same advantage as if the party had demurred cannot avail, first, because it is not applied to this objection, but is merely that the complain-

1840.

Matthewson and wife
v.
Johnson and others.

ant has no right in the property, and that an infant is united in the bill ; and next, because even had it been explicit to this point, it could not have defeated the rule.

Then we arrive at the real serious difficulty upon this record. The bill expressly states that the defendant P. H. Johnson, has been in possession ever since the death of the father, and has continued in the reception of the rents and profits. It also states the assignment of the mortgage to him, and his purchase in his own name under the statute foreclosure. The answer claims the title to the property in exclusion of the complainants, under the purchase and the alleged instruments of ratification.

The language of the statute is, that when several persons shall hold and be in possession of any lands or tenements as joint tenants, or as tenants in common, any one of them being, &c., may apply for a partition. (2 *R. S.* 317, § 1.)

In the case of *Jerkins* v. *Van Schaick*, (3 *Paige*, 245,) the chancellor held on demurrer that it was unnecessary to aver possession in the complainant, for that would be presumed from the averment that the parties were seised in common. But he said,—" If the party held ad-" versely, it might be necessary to regain the actual pos-" session by ejectment, before a suit for a partition of the " premises could be sustained."

In the case of *Heard* v. *Heard*, (*July*, 1840,) where the bill stated a possession of the defendants or some of them, and the answer stated the possession in them, under a construction of a bill which gave them the whole interest, I held that the objection was fatal. The possession originated under the will, and was never held in common. Nor was there ground to retain the bill until the title was tried at law, because if upon such trial the construction of the defendants was sustained, the complainants had no right whatever; and if the construction should be such as gave the complainants an interest, then a large class of the defendants, as to whose claim such trial would be had, had no right whatever, and the bill must be dismissed as to them. It was clearly no case for a partition

bill. The authorities were there stated, in which the court had retained the bill until the result of a trial at law; the general rule being to dismiss it where the title is denied. Both in England, however, and in this state, it has occasionally been retained.

The case of *Wilkin* v. *Wilkin*, there cited, was before Chancellor Kent under the old statute. The provision of that act was, that where any lands *shall be held* in joint tenancy, &c., it shall be lawful for one or more of the parties, &c. The words, *shall be in possession of*, are new in the present statute.

The revisors state, that " as the partition act gives no " execution to enforce the division made, it would seem " that the parties must still resort to the action of eject- " ment to obtain possession, and thus the delay and ex- " penses of two proceedings must be had. It is believed " that the policy of the act will be best observed, by re- " quiring that the petitioners shall be actually in possession " of some part of the premises. From a recent decision of " the court of errors, in the case of *Brommagem* v. *Clapp*, " (9 *Cowen*,) it would seem that such is the present law."

The reasoning of Chancellor Jones certainly supports this position. They also state, that " doubts existed " whether the *right* of the petitioner could be tried in this " proceeding. This is removed, and the right may be " investigated." The party may plead either that the petitioners were not in possession of the premises, or any part thereof, or that the defendants did not hold the premises together with the petitioners. (§ 162, *R. S.* 320.)

Thus it appears, that all questions of title may be investigated in the action, and the fact of possession. But if upon a plea of non-possession, it is found against the petitioners, the petition must be dismissed at law. Chancellor Jones in *Brommagem* v. *Clapp*, points out the difference between a proceeding at law, and in this court for a partition. In the latter the bill will be retained to enable the party to establish his right and recover the possession at law. The question is whether under the posi-

1840.

Matthewson
and wife
v.
Johnson and
others.

tive provision of the present statute, the bill must not be dismissed so far as it seeks a partition.

Another provision of the statute is that the court of chancery shall have the same power to decree a partition and sale as a court of law in like cases.

Now a court of law can only adjudge a partition where at the time of presenting the petition, there was a possession in common. I cannot avoid the conclusion that the powers of this court is restricted by the statute, so that it has no longer the right to retain a bill to enable a party to recover possession, when it appears on the face of the pleadings that the complainant is out of possession, and it is claimed in hostility to him.

I am then next to examine whether the case is made out so as to justify the court granting the other relief upon this bill, which is asked for.

As to the invalidity of the purchase by Johnson of the bond and mortgage, and the deed taken upon the foreclosure, there is no question whatever. The case of *Van Horne* v. *Fonda*, (5 *Johns. C. R.* 388,) settles this point in the case of an executor or administrator, as well as of a strict trustee. And as to the alleged ratification by Elizabeth by receiving the amount, the evidence tends to show that the payment was made before she came of age.

The instruments of release and conveyance executed by her is dated the 16th of January, 1832, admittedly before she came of age ; and of the payment the only evidence is that of Martha Slaight, who says Elizabeth told her she had got her money—"told her so last summer five "years ago." Her examination took place in September, 1839, which makes it the summer of 1834. To this the witness adheres. Elizabeth came of age September, 1834. The payment is said to have been made to her while married, and no direct evidence of such payment by receipt or otherwise is given.

Counsel have then raised the question, that she cannot come to avoid her deed until she came of age. In point of fact she was of age when she filed the bill.

And beyond all doubt this court was the place to obtain

relief, as I presume a court of law would not have avoided the deed under the statute foreclosure.

As to the defendant Letitia Wilson, she executed the release when under age, and was a minor at the filing of the bill ; whether she remains such, is not stated I believe.

An instrument was executed by Peter H. Johnson on the 10th of June, 1832, by which he agreed to take the share of Letitia and hold it till she came of age, or to appropriate it to the bringing her up ; paying her the amount with interest when she came of age, unless it became necessary to use the interest for her schooling or benefit. Various payments are endorsed on this paper as made for her use down to March, 1839. While of course the claim to her share of the property is utterly invalid, I incline to think he ought to be allowed these sums, if actually paid, and for her benefit and education. The endorsements are all made by himself.

It is insisted upon by counsel that a conveyance by infants can only be avoided after their arrival at age, and the case of *Bool* v. *Mix*, (17 *Wendell*, 119,) is referred to. That was an action of ejectment, and it was admitted that the infant could during infancy enter into possession of the rents and profits. The rule, however, so far as concerns the plaintiff Elizabeth does not apply, as she was of age when the bill was filed, and bringing such a bill is a decisive disaffirmance of the deed. As to Letitia, I hold also that her answer by a guardian asking for her share would be in this court equivalent to an entry into possession of the rents and profits, could the court sustain a partition bill. A next friend might probably file a bill, and get a receiver if nothing more.

As to the amount paid by the defendant for the bond and mortgage, he states in his answer that he paid the $1000, the consideration mentioned in the assignment of the bond and mortgage. That consideration as expressed is the sum of $1166 50. It is very singular that when the bill has charged that the sum truly due did not exceed $250, and that he got the assignment by payment of a small sum of money, and an answer on oath is waived,

the defendant should give no proof whatever of the sum actually paid by him. It is difficult to suppose that he should not have some means of establishing the payment of so large an amount. At any rate an administrator who chooses to buy up the debts of the estate for his own use contrary to the clearest law, must furnish some evidence of his actual payment beyond the mere recital in the assignment.

The defendant has set up an account rendered by him as administrator to the surrogate, and a final passing and sentence upon it of that officer. The testimony shows nothing but an inventory and an account rendered. No decree appears to have been made. I consider that the complainants have a right to come into this court for a settlement of the accounts, especially as part of that settlement is the setting aside of the deed. It also appears that the account was rendered in the 25th of June, 1839. It is then sworn to. This was after the bill was filed.

From the views now taken, the decree will be setting aside the purchase made by the defendant upon the statute foreclosure, and decreeing the deed to be wholly inoperative and void as to the complainants, and that the defendant be enjoined from setting it up in any action which may be brought for recovery of the premises or any part thereof, by them or either of them. Also declaring that the purchase of the bond and mortgage was for the use of the estate of the intestate and of those entitled thereto.

There must be an order of reference to state the accounts of the administrator, under which the master is to allow him in account, such sum as he shall prove was paid by him for the purchase and assignment of the bond and mortgage executed by the intestate to John Johnson; the recital of payment in the assignment not to be taken as sufficient proof thereof.

The master to inquire whether any and what monies have been expended by the defendant, for the support, clothing, or education, of Letitia Wilson; and also, whether any money, and how much, has been paid to the complainants, or either of them by such defendant, and when.

The defendant Letitia Wilson to be at liberty to take such measures as she shall be advised to take for the recovery of her share of the premises in question, upon her arriving at age.

Neither party to have costs as against the other.