HARTMAN *v.* KENDALL and Wife.

*A.* conveyed to *B.*, in 1833, a tract of land, and his wife, who was then only seventeen years of age, joined in the conveyance and acknowledged the same. In 1837, when she attained to her majority, *A.* died. She continued afterward to reside in the immediate vicinity until 1847, when she married *C.*, and lived with him near the land, until 1850, when a demand for an assignment of her dower was made, and, not being complied with, a bill was filed by her and her husband to have her dower assigned. When the conveyance was made by *A.*, the land was almost wholly unimproved; but *B.*, after his purchase, had been constantly and greatly improving it. *Held*, that, under the circumstances, the bill would not lie.

APPEAL from the *Hendricks* Circuit Court.       *Thursday,*
                                                  *December* 1.
PERKINS, J.—Application by *Tubal* and *Rebecca Kendall* against *George Hartman* for an assignment of dower, to which it is claimed said *Rebecca* is entitled in lands now owned by said *Hartman.* It was decreed below that the dower should be assigned.

The facts of the case are these:

*Michael Robbins*, in *June*, 1833, conveyed the lands out of which dower is now claimed, to *Daniel Hartman. Rebecca*, now *Rebecca Kendall*, then *Rebecca Robbins*, was, at the time, the wife of said *Michael*, joined in the deed of conveyance to *Hartman*, and acknowledged the same. She was then, however, but seventeen years of age. The land conveyed was, at the time, almost wholly unimproved.

In 1837, the year in which said *Rebecca* arrived at majority, said *Michael Robbins*, her husband, departed this life. Said *Rebecca* continued to reside in the immediate vicinity of the land in question during her widowhood, which lasted ten years, and was terminated by her marriage, in 1847, with *Tubal Kendall*, a co-plaintiff in the present proceeding. The parties married lived in the near neighborhood of the land conveyed to *Hartman* till *August*, 1850, when a demand for an assignment of dower was made, which not being complied with, this proceed-

ing was instituted, in 1851. The land, during the period *Hartman* had owned, and said *Rebecca* lived in close proximity to, it, had been constantly and greatly improved. Such are the facts.

The disability of infancy was not removed by the marriage of the plaintiff, *Rebecca*, with *Michael Robbins*, and, hence, it remained and may be taken advantage of in this case in the same manner as it may be in the case of a conveyance by a *feme sole* infant. *Bool* v. *Mix*, 17 Wend. 119.

The conveyance of land by an infant is voidable and not void.

Such conveyance, may, as a general rule, be avoided on the infant's arrival at majority. One of the modes in which the avoidance may take place is, by notice of intention to avoid, followed by a suit for possession. So far the law is settled in this state. *Doe* v. *Abernathy*, 7 Blackf. 442.

The question remains, within what time after the arrival of the infant at majority, must the avoidance take place?

It must take place in this state within twenty years, or the statute of limitations will be a bar. May circumstances estop a party from asserting the right of avoidance even within that time, and, if so, what are they?

In *Doe* v. *Abernathy*, *supra*, it is said that there is a "class of cases which hold that the right of disaffirmance must be exercised within a reasonable time, and that the omission so to exercise it will alone confirm the infant's conveyance. In *Holmes* v. *Blogg*, 8 Taunt. 35, it was remarked by *Dallas*, J., 'I agree that in every instance of a contract voidable only by an infant on coming of age, the infant is bound to give notice of disaffirmance of such contract in a reasonable time,' &c.; and nearly the same idea was expressed by *Park*, J. In the case of *Kline* v. *Beebe*, 6 Conn. 494, it was held that the voidable acts of infants might be affirmed by the omission to disaffirm them within a reasonable time; and that the omission alone for eleven years to disaffirm an infant's deed,

was 'an acquiescence in the conveyance amounting to a tacit affirmance.' The same doctrine is distinctly recognized in *Richardson* v. *Boright*, 9 Verm. R. 368, and it has received the sanction of chancellor *Kent*, who says (2 Kent's Comm. 5th ed. 238), 'his (the infant's) confirmation of the act or deed of his infancy, may be justly inferred against him after he has been of age for a reasonable time, either from his positive acts in favor of the contract, or from his tacit assent under circumstances not to excuse his silence.'" But, it is added in the opinion quoted from, that the Court make no decision on the point, it not being required that they should by the facts of the case then under consideration, in which a female infant in *Pennsylvania* had made a conveyance of lands lying in *Indiana*, and afterwards married and joined with her husband in a suit to recover them, and wherein it "did not appear that Mrs. *Moore* [the infant who made the conveyance] was sole an instant after her majority, and possessed the power by her separate act to avoid her deed; nor did it appear that her husband acquiesced a moment in the contract after he knew she had made it." And the Court add further, that they do not "express any opinion of what would have been the effect of five years' acquiescence on the part of the lessors, had it appeared that they lived in the vicinity of the land in contest, with full knowledge of their rights, and with easy opportunity to notify the tenant in possession of their intention to disaffirm the conveyance made during nonage."

In the case now before the Court, there must be a decision as to the effect of thirteen years' acquiescence, by a party living in the vicinity of the land, with full knowledge of her rights, (for where the facts are known all are bound to know the law arising upon them) and with easy opportunity to notify the tenant in possession of an intention to disaffirm, and while improvements were being made by that tenant in the belief that his title was complete; and we think that effect is to preclude the grantor from exercising the right to avoid her deed. This strikes

us as being the moral of the case on her part, and the justice of it towards the tenant in possession.

If a person seeks to avoid a contract on the ground of fraud, he must do it in a reasonable time after the fraud is discovered; else, by his delay and silence, he commits a fraud in turn upon the opposite party, by inducing him into a course of conduct he would not otherwise pursue.' Why not, also, and for the same reason, if a person would avoid a contract on account of a disability, require that it should be done with reasonable promptness after the disability may be removed?

If a party, even an infant of years of understanding, according to some decisions, claiming a secret title to land, stand by and see it sold, or see another expend money upon it in the belief that there is no such secret title, and the party claiming knows that the money is so being expended, he may be estopped from asserting such secret title. Cannot this principle be properly applied in the case under consideration?

The view we take accords with the authorities cited in *Doe* v. *Abernathy*, *supra*, and would seem to be that to which the Court there inclined. It accords also with later decisions.

In *Cresinger* v. *Lessee of Welch*, 15 Ohio R. 156, it is held that lapse of time for a less period than twenty years, "in connection with other facts and circumstances, may amount to confirmation of the deed of an infant." In *Norris* v. *Vance*, 3 Rich. (S. C.) R. 164, it is decided that acquiescence after the infant arrives at maturity, may amount to confirmation; and in *Wallace's Lessee* v. *Lewis*, 4 Harrington (Del.) R. 75, it is said this privilege of avoiding his contracts by an infant should be "used with some regard to the rights of others, and, therefore, should be exercised within a reasonable time after full age, having regard to the circumstances of each particular case;" and in that case it was held that four years' delay amounted to an unreasonable time, and precluded the party from avoiding his deed.

*Per Curiam.*—The decree is reversed with costs. Cause remanded, with instructions to the Circuit Court to dismiss the application for dower.

J. S. *Harvey*, for the appellant.

C. C. *Nave*, for the appellees.