Jenkins v. Jenkins et al.

## JENKINS v. JENKINS *et al.*

12   195
128   302

1. INFANCY: DEED BY AN INFANT. A deed of real estate by an infant is voidable, but not void.
2. SAME. What is the "reasonable time" within which an infant may disaffirm his contract after attaining his majority, under § 2540 of the Revision of 1860, must be determined upon the circumstances of each case.
3. SAME. Where an infant attained his majority on the 5th of January, and filed his bill on the 23rd day of the same month, to cancel a deed executed by him during his minority, it was held, that in the absence of equitable circumstances requiring an earlier affirmance, the delay was not unreasonable.
4. SAME. The only property which a party is required to return, upon disaffirming a contract made during infancy, is that which was received by him by virtue of the contract and remained in his control at any time after he attained his majority.
5. SAME: RIGHTS OF THIRD PERSONS. The general rule is, that the right of an infant to avoid his contract is absolute and paramount to all equities in favor of third persons, including purchasers without notice.

*Appeal from Dubuque District Court.*

WEDNESDAY, OCTOBER 16.

THE petition alleges that on the 27th day of January, 1858,

the plaintiff and his brother, David Jenkins, who is one of the defendants, were seized in fee of certain real estate therein described as situated in the county of Dubuque; which it is alleged was worth the sum of $1,500; that at said time, and until the 5th day of January, 1860, the plaintiff was a minor; that on the 28th day of January, 1858, he, and the said David, united in the execution of a deed conveying said real estate to the defendant Thompson; that the plaintiff has never received any part of the consideration of such conveyance, but that the same was received by his brother; that on the 5th day of June, 1858, the defendant, Thompson, executed a mortgage deed conveying said prem. ises to the defendants, Gregory Tilton & Co; that at the August term, 1859, said defendants instituted proceedings to foreclose said mortgage, in which a decree of foreclosure was entered at the November term, in the same year; that the plaintiff was not a party to such foreclosure proceedings; that a special execution was issued on the 13th of December, 1859, commanding the sale of said premises, under which they were advertised to be sold on the 23rd day of January, 1860. And that the defendant, Thompson, knew that plaintiff was a minor when said deed was executed.

The defendants Gregory, Tilton & Co., filed their answer, denying any knowledge as to the minority of the plaintiff, the circumstances attending the conveyance to the defendant, Thompson, or as to whether the complainant received any portion of the consideration therefor; admitting the execution of the mortgage, the foreclosure proceedings and decree; and alleging that when they accepted the mortgage as security, "they were without any knowledge or suspicion that the complainant was a minor, or had or claimed any interest in said premises, and that they never heard that he was a minor, or that he claimed any interest in said premises, until the service of the papers in this case."

The other defendants made default.

· On the hearing, it was decreed : 1. That the plaintiff have and recover of, and from, the defendant Thompson, three hundred dollars, on account of rents received by him on the property. 2. That the deed be cancelled. 3. Appointing commissioners to make partition of the property. 4. That plaintiff recover of defendant his costs. The defendants, Gregory, Tilton & Co. appeal.

*Cooley, Blatchley & Adams,* for the appellants, discussed the evidence at length, and relied upon Code of 1851, chap. 87 ; 1 Am. L. C. 259, 261 and 262 ; 3 Ed. Ch. R. 222.

*Barker, Barney & Dillon,* for the appellee.

1. All contracts with infants, except for necessaries, are either void or voidable. 2 Kents Com. (7th ed.) 248 ; Comyn's on Cont. (4 Am. ed.) 790 ; *Wheaton* v. *East,* 5 Yerg. 41 ; *McGarr* v. *Marshall,* 7 Humph. 121.

2. Infants are not merely entitled to damages as in cases of adults, in respect to contracts, but may declare them void. *Baker* v. *Lovett,* 6 Mass. 78 ; *Oliver* v. *Houdlet,* 13 Ib. 237 ; *Whitney* v. *Dutch,* 14 Ib. 457.

3. No demand is necessary of grantee, prior to commencing suit for an avoidance of the deed. The suit is a sufficient demand. *Doe* v. *Abernathy,* 7 Blackf. 446 : *Lessee of Drake* v. *Ramsey et al.,* 5 Ohio 254 ; *Cresinger* v. *Lessee of Welch,* 15 Ib. 194 ; *Bool et ux.* v. *Mix,* 17 Wend. 119, dont apply and is criticised by 7 Black. *supra.*

4. An infant is not bound to return the consideration as a condition precedent to avoiding the deed, unless the consideration is under his control after attaining his majority. Code of 1851, § 1488 ; 1 Am. L. C. 260 and cases there cited, especially 23 Maine 525 ; 9 N. H. 441, 446 ; 10 Ib. 562, 565 ; 15 Ohio 194.

5. The right of the infant to avoid his contracts is superior to all equities of other persons, and may therefore be

exercised against bona fide purchasers from his grantee. 1 Am. L. C. 259; *Myers et al.* v. *Sander's Heirs*, 7 Dana 506, 521; 5 Smedes & M. 216, 224; 6 Blackf. 193.

6. Therefore, the appellants can not take by their mortgage a better title than that possessed by their mortgagor. Brown's Legal Maxims, 303.

7. An infant partner is not bound by the acts of his copartner. Story on Part. §§ 7 and 8; Collyer on Part. § 529 and note.

WRIGHT, J.—The deed of real estate by an infant is voidable and not void. In the language of one of the cases, if founded on a valuable consideration, " it is not a void act, but is a valid contract until regularly avoided." (*Doe* v. *Abernathy*, 7 Blackf. 443; *Tucker* v. *Moreland*, 10 Pet. 58; *Jackson* v. *Carpenter;* 11 John. 539; 2 Kent Com. 236.

What acts, after attaining majority, are necessary to avoid or confirm (if any act is necessary for the latter,) a conveyance made during minority, is not well settled by the authorities. In some, it is held that there must be some positive and notorious act to disaffirm, and that this may be done at any time before the statute of limitations would bar an action of ejectment. Another class of cases hold that this right must be exercised within a reasonable time, and that the failure to do this will confirm the conveyance. See cases *supra*, and *Richardson* v. *Boryght*, 9 Verm. 368; 2 Kent Com. 238; *Kline* v. *Beebe*, 6 Conn. 494.

Our statute (Code of 1851 § 1488, re-enacted, Rev. 1860, § 2540,) has declared the rule thus : " A minor is bound, not only by contracts for necessaries, but also by his other contracts, unless he disaffirms them within a reasonable time after he attains his majority, and restores to the other party all money or property received by him by virtue of the contract, and remaining within his control at any time after his attaining his minority."

Jenkins v. Jenkins et al.

What is a reasonable time, within the meaning of this statute, must of course, depend upon the circumstances of each case.   Thus, it would be material to inquire, whether the minor was a non-resident of the State, on attaining his majority, to ascertain his capacity for transacting business; what influences, if any, were brought to bear upon him by those interested in preventing a disaffirmance; whether any suits were pending; the determination, of which were material in electing to disaffirm ; these and many other inquiries would naturally and properly arise in considering what would be " reasonable time."

In this case, complainant attained his majority on the 5th of January, 1860.   On the 23rd of that month a special execution issued for the sale of the land under a mortgage made by his grantee, and he on that day, filed his bill in chancery, to avoid the deed made during his minority, and to restrain the sale under said execution.   No special equitable circumstances were shown, why he should have sooner manifested his disaffirmance, and in our opinion the delay was not unreasonable.

It is left in much doubt whether the complainant ever received any part of the consideration for the conveyance. The land was owned jointly by himself and his brother, and the evidence tends to show that this brother (who had attained his majority,) received all the consideration.   Whatever may be the truth in this respect, however, it is not shown, nor pretended that he had remaining within his control, at any time, after attaining his majority, any money or property received by him by virtue of the contract.   And it is only such money or property as may thus remain, that he is bound to restore, before he can avoid his contract or conveyance.

The purchaser from complainant had notice and full knowledge of his minority, at the time of the conveyance. Subsequently this grantee mortgaged the premises to his co-

respondents, who had no notice of the minority. In the proceedings to foreclose the mortgage, complainant was not a party. *Held*, that the mortgagee, was not, as against complainants, to be treated as a *bona fide* purchaser. The right of the infant to thus avoid his contract, is absolute and paramount to all equities in favor of third persons; even purchasers without notice. This is the rule; the exceptions to it are based upon special circumstances and do not destroy it. 1 Am. L. C. 259.

Decree affirmed.