## Wright v. Germain *et al.*

1. **Contract:** MINOR: DISAFFIRMANCE. Under section 2550, Revision of 1860, a contract made by a minor must be disaffirmed within a reasonable time after he attains majority.

*Appeal from Decatur District Court.*

FRIDAY, DECEMBER 28.

Suit in equity to avoid a conveyance of real estate made by an infant, in exchange for other real estate. There was a judgment for the defendants, and the plaintiff appeals. The further necessary facts are stated in the opinion.

*M. D. McHenry* for the appellant.

*Polk & Hubbell* for the appellees.

COLE, J.— On the fifth day of November, 1856, the plaintiff, being then a minor aged about sixteen years,

I. CONTRACT: conveyed to the defendant Germain, forty acres
minor: disaf-
firmance.     of land lying in Decatur county, Iowa, in exchange for, and he received a conveyance of, one undivided fourth part of forty acres lying in Mercer county, Missouri. Upon this latter tract was situated a grist-mill, and saw-mill, run by water-power, and which passed with the land as appurtenant thereto.

The respective grantees took possession of the property conveyed to them. The defendant Germain, very shortly thereafter, sold and conveyed the forty acres he received of plaintiff, to a third person, and he afterward to others, and the several grantees are made defendants hereto.

They have made improvements to the extent of two hundred and fifty or three hundred dollars, according to the weight of testimony in the case.

In May, 1858, and while the plaintiff and his co-owners were in possession, the saw-mill was washed away by a flood in the stream, whereon it was situate. The evidence does not show gross carelessness on the part of plaintiff, in its loss; although it tends to show the want of ordinary care. The washing away of the saw-mill very much weakened the foundation and support of the grist-mill.

There was no sufficient improvements made in the foundations and supports of the grist-mill, and, for that cause, about two years thereafter, it also fell and was washed away. Before these losses, however, the plaintiff, either alone or with his co-owners, put up a hewed log house, and made other improvements on the forty acres

whereon the mills stood. The value of these improvements is variously estimated from one to two hundred dollars.

At some time, not definitely proved, but probably after the plaintiff attained his majority, he sold the log house put up by him, and the other improvements, and they were removed from the premises. In August, 1863, and about two years after the plaintiff attained his majority, he having been in the United States military service about the last year of the time, he brought this suit, and filed with his petition, and tendered a conveyance back to the defendant Germain, of the one-fourth interest in the forty acres conveyed to him in exchange for his forty acres.

It is not necessary, in order to decide this case, to determine the precise extent to which our statute on the subject of contracts by infants, has innovated upon the common law on the same subject. At the common law, however, it seems to have been the general (but not universal) rule, that for an infant to ratify his or her conveyance of real estate, required some positive act of affirmance, and mere acquiescence or failure to disaffirm for even an unreasonable time, would not bind the infant. 1 Parsons on Con., 272, note *f*, and authorities cited.

But the rule prescribed by our statute is different, in that it requires a disaffirmance within a reasonable time. The statute is as follows: " A minor is bound, not only by contracts for necessaries, but also by his other contracts, unless he disaffirms them within a reasonable time after he attains his majority, and restores to the other party all money or property received by him by virtue of the contract, and remaining within his control at any time after his attaining his majority." Code of 1851, § 1488. Revision 1860, § 2540. See also *Jenkins* v. *Jenkins et al.*, 12 Iowa, 195.

It is unnecessary to extend this opinion by an argument showing the propriety of the statute, and its fit application to this case.

Under the facts of the case and the statute applicable thereto, it is clear to our minds that the judgment of the District Court was correct, and must, therefore, stand

Affirmed.