## STUCKER v. YODER et al.

1. Equitable jurisdiction: ADVANCEMENT OF PURCHASE-MONEY. While a person who loaned or advanced to the purchaser of certain lands, a part of the purchase money may have no lein upon the land for the repayment of the sum advanced which he can enforce; yet, if, while claiming a right of repayment out of a particular fund arising from a resale of the land, he, together with such fund, is brought by the opposite party into a court of equity, it will assume jurisdiction over the parties and the fund, and, if necessary to effectuate complete justice between the parties, order the repayment of the sum loaned or advanced out of the fund thus within the jurisdicton of the court.

2. Infants: CONTRACTS OF. An agreement made by an infant for the repayment of money of which he has had and retains the benefit, becomes binding upon him if he fails to disaffirm the same within a reasonable time after attaining his majority.

*Appeal from Washington District Court.*

WEDNESDAY, FEBRUARY 21.

ACTION in chancery. The petition alleges that plaintiff sold and conveyed to defendant, Yoder, certain lands; that a part of the purchase money, $250, remains unpaid; that Yoder executed his written obligation to pay the same as soon as an alleged claim, held by defendant, Mary Stucker, the mother of plaintiff, upon said lands is settled. The petition avers that defendant, Mary Stucker, has, neither in law nor equity, any interest or claim in the lands; that she refuses to release her pretended claim, and defendant, Yoder, refuses to pay the balance of the purchase money of the lands. The relief asked is, that it be decreed that defendant Mary has no interest in the lands, and that Yoder be required to pay the amount due by proper judgment, which shall be a lien upon the lands, the same to be sold in default of the payment of the amount adjudged to be due plaintiff.

Defendant, Mary Stucker, in a separate answer alleges that, during the minority of plaintiff, she was his guardian, and, under the direction of the probate judge, purchased for plantiff the lands sold to Yoder. That upon this purchase she paid, of her own money, the sum of $250; that it was understood by and between defendant and plaintiff and the probate judge, that plaintiff would repay to her the money so advanced by her in the purchase of the lands. She asks that defendant, Yoder, be required to pay her the $250 due from him upon the purchase of the land, and that plaintiff be required, by proper decree, to pay the interest upon that amount from the date of its advancement by her.

To this answer plaintiff demurred. The demurrer was overruled, and plaintiff standing thereon, judgment was rendered for defendant. Plantiff appeals.

*McJunkin & Henderson* for the appellant.

*Patterson & Rheinhart* for the appellee.

BECK, Ch. J. — The plaintiff urges the following objections to the judgment of the court upon the demurrer.

I. It is insisted that defendant, Mary Stucker, had no claim or lien upon the lands, and, therefore, cannot enforce her claim against the purchase-money secured by the obligation of Yoder. The fact that she holds no lien or claim against the lands may be conceded, yet the conclusion arrived at by plaintiff by no means follows.

1. EQUITABLE JURISDICTION: advancement of purchase-money.

He instituted his suit to set aside her claim to the land. The obligation he accepted from Yoder for the payment of the money is conditioned upon the validity of that claim. Now, while we may concede that she holds no lien upon the land, yet, if it be found that she did in fact advance for plaintiff money which he has not repaid, and which he now owes her, equity will order him to pay it.

As the plaintiff brought the defendants, together with this particular fund secured by the obligation of Yoder, into a court of chancery, it will assume jurisdiction over the parties and the fund, and see that full justice is done, by requiring payment to defendant Mary out of the fund that has thus been brought within the limits of its power. Such a disposition of the fund will do complete justice between the parties to the suit;· and as there are intervening rights of other parties, no one setting up liens or claims to the fund, there can be no objection to granting such relief to defendant.

II. It is insisted that the payment made by defendant Mary, or guardian of plaintiff, was done officiously, and that 2. INFANT: con- it is not shown that she ever made a settletracts of. ment with the probate court of her accounts as guardian, nor that her action in the premises has been approved by the proper authority. The sufficient answer to this objection is found in the averment of the petition that the purchase of the lands was made by her under the direction of the county judge, and the further averment that it was understood by plaintiff and the county judge that the amount she advanced for plaintiff should be repaid her by him. This sufficiently sets up an agreement of plaintiff to pay defendant the amount she advanced. This agreement, even though made during his minority, being for the repayment of money of which he has had and retains the benefit, and not having been disaffirmed within a reasonable time after he attained his majority, is binding in law (Rev., § 254); certainly it will be enforced by a court of equity.

III. It is insisted that defendant's claim is barred by the statute of limitations. The answer of defendant shows that the land was purchased for plaintiff··in 1864, but the money advanced by her for the land was actually paid two years later. Plaintiff's liability accrued at the time of the payment of the money by defendant. This suit was

commenced in January, 1870. It was therefore instituted before the statute had run its full time against the claim.

The judgment of the district court must be

Affirmed.