## WELLS v. SEIXAS and others.

*(Circuit Court, S. D. New York. June 6, 1885.)*

**DEED OF INFANT—WHEN AVOIDED.**
> The deed of an infant may be avoided at any time after becoming of age until he is barred by the statute of limitations, provided there has been no word or act on his part indicating assent.

Motion for a New Trial.

*Theodore E. Burton* and *Algernon S. Sullivan,* for the motion.

*Peter Condon* and *Thomas Allison,* opposed.

COXE, J. This is an action for dower. The plaintiff, on the twenty-third of March, 1870, united with her husband in conveying the property, which is the subject of this suit, by full covenant warranty deed. She was then an infant. Her husband died in July or August, 1872. At the time of his death she was living at Laporte, Indiana. In September, 1872, she became of age. In the fall of 1883, 11 years after attaining her majority, she disaffirmed the deed. The case was tried at the April circuit, 1885. At the close of the evidence, the defendant moved for the direction of a verdict upon the

ground, *inter alia*, that the deed, being voidable only, was rendered valid by the long years of inaction on the part of the plaintiff. The motion was opposed upon the theory that the deed was, as to the plaintiff, wholly void. The question, therefore, upon which the case turned at the trial was whether the deed was void or voidable. The court took the latter view, and directed a verdict for the defendant.

The plaintiff now moves for a new trial, and for the first time advances the proposition that the deed, though voidable, was disaffirmed within a reasonable time. In support of this view, *Sims* v. *Everhardt*, 102 U. S. 300, is cited. At page 312 of that case the court say:

"Where there is nothing more than silence, many cases hold that an infant's deed may be avoided at any time after his reaching majority until he is barred by the statute of limitations, and that silent acquiescence for any period less than the period of limitation is not a bar. Such was, in effect, the ruling in *Irvine* v. *Irvine*, 9 Wall. 617. See, also, *Prout* v. *Wiley*, 28 Mich. 164, a well-considered case, and *Lessee of Drake* v. *Ramsay*, 5 Ohio, 251. But, on the other hand, there appears to be a greater number of cases which hold that silence during a much less period of time will be held to be a confirmation of the voidable deed. But they either rely upon *Holmes* v. *Blogg*, 8 Taunt. 35, which was not a case of an infant's deed, or subsequent cases decided on its authority, or they rest in part upon other circumstances than mere silent acquiescence, such as standing by without speaking while the grantee has made valuable improvements, or making use of the consideration for the deed. We think the preponderance of authority is that, in deeds executed by infants, *mere* inertness or silence, continued for a period less than that prescribed by the statute of limitations, unless accompanied by affirmative acts manifesting an intention to assent to the conveyance, will not bar the infant's right to avoid the deed. And those confirmatory acts must be voluntary."

In the case at bar, as the proof now stands, there is no act of omission or commission on the part of the plaintiff of which to predicate an intention to confirm the deed. There is silence, profound and unbroken, but nothing else. The plaintiff, since her majority, has not lived in the vicinity of the property in question, and there is no evidence that she ever saw it or knew of its existence until the fall of 1883. The language of the court just quoted is peculiarly applicable. It is a case of "mere inertness or silence, continued for a period less than that prescribed by the statute of limitations." The plaintiff, upon this authority, had 20 years in which to disaffirm her deed. She did disaffirm it in 11 years.

It may be conceded that there are many points of difference between the *Everhardt Case* and the case at bar. In the former, for instance, the plaintiff was under the double disability of coverture and duress. In the latter, on the contrary, she was a free agent from the moment she became of age. It may also be conceded that the circumstances of the *Everhardt Case* did not necessarily require the enunciation of the broad rule just quoted. Notwithstanding this, it cannot be gainsaid that the supreme court have, in words too plain to be misunderstood, expressed the opinion that the weight of the au-

thority is that the deed of an infant may be avoided at any time after becoming of age until he is barred by the statute of limitations, provided there has been no word or act on his part indicating assent.

It seems to have been the intention of the supreme court to announce a clear and general rule, which should put an end, so far at least as the federal tribunals are concerned, to the existing confusion and conflict of authority. It is not necessary to consider the proposition advanced by the defendant that the controversy must be determined by state rather than national law, for the reason that no New York decision is produced in conflict with *Sims* v. *Everhardt*. In fact, the authorities cited seem in perfect accord with that case; the difference being that the supreme court has taken a step in advance, and has, in cases of mere silent acquiescence, suggested a rule by which the vague and elastic expression, "within a reasonable time," is given a fixed and definite meaning. This being the view entertained as to the scope of the decision in *Sims* v. *Everhardt*, it is manifestly the duty of this court to follow it. The supreme court may change or modify the rule there stated. This court is not permitted to do so.

It follows that the motion for a new trial should be granted.

---

The question as to when the various voidable contracts of an infant may be avoided by him has been the subject of much litigation, and is involved in considerable conflict. Judge REEVE, in his work on Domestic Relations, p. *254, thus states the general rule: "It is a universal rule that all executory contracts which are voidable on the ground of infancy, may be avoided during infancy by the infant as well as afterwards; as where a minor promises to pay, etc. So, too, in all contracts respecting property which are executed by delivery of some article, on payment of money, may be rescinded by the minor both before and after the time of his coming of age.[1] But conveyances of real property by feoffment, on delivery of the deed which comes in lieu of payment, or by any other conveyance of such property, in fee for life or years, cannot be avoided before the infant attain to full age."[2] The infant may enter during minority, and take the profits till he has a legal capacity to affirm or avoid his deed; but the entry does not render the deed utterly void, and he may still confirm it on arriving at majority.[3] The infant may probably, by his next friend, file a bill and have a receiver of the rents and profits appointed.[4]

As to how soon after majority the infant must exercise his privilege of disaffirming his voidable deeds of land, etc., the authorities are in conflict. One class of cases holds, as in the principal case, that they may be avoided at any

[1] Riley v. Mallory, 33 Conn. 207; Stafford v. Roof, 9 Cow. 626; S. C. Ewell, Lead. Cas. 92; Chapin v. Shafer, 49 N. Y. 407; Cogley v. Cushman, 16 Minn. 401, (Gil. 354.) See, also, Shipman v. Horton, 17 Conn. 483; Bartholomew v. Finnemore, 17 Barb. 429; Price v. Furman, 27 Vt. 268; Carr v. Clough, 26 N. H. 291; Willis v. Twombley, 13 Mass. 204; Carpenter v. Carpenter, 45 Ind. 142; Bailey v. Barnberger, 11 B. Mon. 114; Biggs v. McCabe, 27 Ind. 330; Heath v. West, 26 N. H. 191; Grace v. Hale, 2 Humph. 27.

[2] See Zouch v. Parsons, 3 Burr, 1794; S.

C. Ewell, Lead. Cas. 3; Bool v. Mix, 17 Wend. 132; Baker v. Kennett, 54 Mo. 88; Hartman v. Kendall, 4 Ind. 403; Pitcher v. Laycock, 7 Ind. 398; Chapman v. Chapman, 13 Ind. 396; Emmons v. Murray, 16 N. H. 390; McCormic v. Leggett, 8 Jones, Law, 426; Slater v. Trimble, 14 Ir. C. L. R. 342, Q. B.; Hastings v. Dollarhide, 24 Cal. 211.

[3] Zouch v. Parsons, and Bool v. Mix, supra.

[4] See Matthewson v. Johnson, 1 Hoff. Ch. 565.

time after reaching majority, till barred by the statute of limitations, and that silent acquiescence alone for any period less than the period of limitation is not a bar. The case of *Lessee of Drake* v. *Ramsay*[1] is a leading case upon this point. The same rule is laid down in a number of other cases collected in the note.[2]

There would seem to be no doubt, however, that the lapse of a less period of time, taken in connection with other equitable considerations, may amount to a confirmation.[3]

Another class of cases lays down the rule that if an infant would avoid his deed he must do so within a reasonable time after reaching majority.[4] It is to be observed, however, of these cases that they nearly all rest upon the authority of the case of *Holmes* v. *Blogg*,[5] or subsequent cases decided upon its authority, and that the decision of the rest seems to have been influenced by equitable considerations; as where the infant has stood by after majority and seen valuable improvements made on the premises without dissent, has retained and disposed of the consideration after majority, etc.[6]

In Iowa the rule that an infant must exercise his privilege of avoidance, if at all, within a reasonable time after majority, has been established by statute as to all his contracts.[7] In England, likewise, the rule seems to be that the infant is bound expressly to repudiate his contracts within a reasonable time after arriving at majority; and that, if he neglects so to do, his silence will amount to an affirmance.[8] The case of *Holmes* v. *Blogg*, as to this point, however, is a mere *dictum*, and none of them were cases of deeds executed by infants, but actions for calls upon railway shares, and seem to have been decided upon the point that the infant cannot remain a shareholder, cannot keep the interest, and prevent the company from having it and dealing with it as its own, without being liable to bear the burden attached to it;[9] and hence these cases may well be distinguished from the cases of deeds executed by infants.

Upon the whole, the rule laid down in the principal case seems to be supported by the weight both of reason and authority.        M. D. EWELL.

[1] 5 Ohio, 251; S. C. Ewell, Lead. Cas. 98.

[2] Wallace v. Latham, 52 Miss. 291; Cressinger v. Lessee of Welch, 15 Ohio, 193; Prout v. Wiley, 28 Mich. 164; Irvine v. Irvine, 9 Wall. 627; Sims v. Everhardt, 102 U. S. 300; Voorhies v. Voorhies, 24 Barb. 153; Huth v. Caroudelet Marine Ry. & Dock Co. 56 Mo. 206; Urban v. Grimes, 2 Grant. Cas. 96; Tucker v. Moreland, 10 Pet. 76; Boody v. McKenney, 23 Me. 523; Jackson v. Carpenter, 11 Johns. 539; Peterson v. Laik, 24 Mo. 544; Youse v. Norcum, 12 Mo. 561; Baker v. Kennett, 54 Mo. 90; Norcum v. Gaty. 19 Mo. 69; Gillespie v. Bailey, 12 W. Va. 70; Kountz v. Davis, 34 Ark. 590. See, also, Bozeman v. Browning, 31 Ark. 364; Green v. Green, 69 N. Y. 553.

[3] See Lessee of Drake v. Ramsay; Cressinger v. Lessee of Welch, supra; Wheaton v. East, 5 Yerg. 41; Hartman v. Kendall, 4 Ind. 403; Wallace v. Lewis, 4 Harr. 80; Morris v. Stewart, 14 Ind. 334.

[4] See Hartman v. Kendall, 4 Ind. 403; Kline v. Beebe, 6 Conn. 506; Bigelow v. Kinney, 3 Vt. 359; Richardson v. Boright, 9 Vt. 368; Scott v. Buchanan, 11 Humph. 476; Hastings v. Dollarhide, 24 Cal. 216; Wallace v. Lewis, 4 Harr. 80; Harris v. Cannon, 6 Ga. 388; Nathans v. Arkwright, 66 Ga. 179; Bingham v. Barley, 55 Tex. 281. See, also, Chapin v. Shafer, 49 N. Y. 412; Robinson v. Weeks, 56 Me. 106; Little v. Duncan, 9 Rich. Law. 59; Summers v. Wilson, 2 Coldw. 469; Long v. Williams, 74 Ind. 115; Stringer v. Northwestern Mut. L. Ins. Co. 82 Ind. 100; Tunison v. Chamblin, 88 Ill. 378.

[5] 8 Taunt. 35; S. C. 1 Moore, 466.

[6] See Bostwick v. Atkins, 3 N. Y. 60.

[7] See Rev. St. 1860, ¿ 2540; Code, ¿ 2238; Wright v. Germain, 21 Iowa, 585; Stucker v. Yoder, 33 Iowa, 177; Jenkins v. Jenkins, 12 Iowa, 195; Stout v. Merrill, 35 Iowa, 56; Weaver v. Carpenter, 42 Iowa. 343; Childs v. Dobbins, 55 Iowa. 205; S. C. 7 N. W. Rep. 496; Green v. Wilding, 59 Iowa, 679; S. C. 13 N. W. Rep. 461.

[8] See Dublin, etc., Ry. Co. v. Black, 16 Eng. Law & Eq. 556, and note; 22 Law J. Rep. (N. S.) Ex. 94; 8 Exch. 181; Holmes v. Blogg, 8 Taunt. 35; S. C. 1 Moore, 466; Northwestern Ry. Co v. McMichael, 5 Exch. 111; Leeds & Thirsk Ry. Co. v. Fearnley, 4 Exch. 26; Cork, etc., Ry. Co. v. Cazenove, 10 Q. B. 935.

[9] Northwestern Ry. Co. v. McMichael, supra. See, also, Robinson v. Weeks, 56 Me. 106; In re Constantinople, etc., Co., Ebbett's Case, L. R. 5 Ch. App Cas. 302.