## GILKINSON v. MILLER.

### (Circuit Court, N. D. New York. May 8, 1896.)

1. Bona Fide Purchaser—New York Code Civ. Proc. § 2628.

One S., a resident of New York, died, in December, 1876, leaving a will, by which she devised certain land in New York to plaintiff, who was then an infant. One J. S., the son and heir of S., objected to the probate of the will, on the ground that S. was incompetent. There was a contest, to which the executor of the will and J. S. were the only parties, and an extended hearing, at the end of which probate of the will was refused, the papers in the proceeding, including the testimony and the original will, remaining on file in the surrogate's court. J. S. entered into possession of the land, and held it until April, 1894, when he sold it to defendant for its market value. When defendant purchased he caused the title to be examined by his attorney, who inspected, among other things, the papers in the will contest, on file in the surrogate's court. Defendant had, at the time, no actual notice of plaintiff's rights, but neither he nor his attorney made any inquiry in respect to the same, though plaintiff was easily accessible. More than four years after the death of S. plain-

tiff brought an action against defendant to recover the land. The New York Code of Civil Procedure provides (section 2628) that the title of a bona fide purchaser for value from the heir of one who dies seised of real property shall not be affected by a devise thereof, made by the latter, unless, within four years from the testator's death, the will is admitted to probate, or established by the judgment of a court. *Held*, that defendant, having had actual notice of a will conveying the property away from the heir at law, was not a bona fide purchaser, within the meaning of this statute, and plaintiff's action was not barred thereby.

2. INFANCY—RELEASE BY INFANT—DISAFFIRMANCE.

Before plaintiff became of age, J. S. paid to her $1,000, and took from her a writing, acknowledging the receipt of that sum "in full settlement of all claims and demands * * * against S., deceased, in her lifetime, and against the estate of said deceased." Plaintiff's action to recover the land was brought about 13 years after she became of age. *Held*, that such action was not barred by her acceptance of the $1,000, or by the writing signed by her.

This is an action of ejectment. The plaintiff, who is a resident of New Jersey, seeks to oust the defendant from the possession of certain real property situated in the city of Troy, commonly known as "122 Congress street."

Prior to the 14th of December, 1876, the property was owned by one Elizabeth Shappo, who on that day, departed this life, leaving a last will and testament by which said property was devised to the plaintiff, who was then an infant. The surrogate of Rensselaer county refused to admit said will to probate, and the said property remained in the possession of John A. Shappo, a son of the testatrix, until April, 1894, when he sold it to the defendant who paid the market value therefor. A similar cause, arising as to another parcel of real estate, was tried before the court and a jury and the jury found that at the time of making the said will the said Elizabeth Shappo was of sound disposing mind and memory, and the will valid. The present action comes on for trial upon the following agreed statement of facts:

(1) The defendant admits for the purposes of the trial the allegations of the complaint.

(2) The will of Elizabeth Shappo referred to in the complaint was offered for probate by the executor therein named in December, 1876, in the surrogate's court of Rensselaer county where Elizabeth Shappo resided at the time of her death. Objections to the probate of said will, upon the ground that said Elizabeth Shappo was incompetent to make a will, were filed by John A. Shappo her only heir at law, and after a contest lasting several months, said surrogate's court refused probate to said will, and a decree was entered accordingly on February 14, 1878. That the papers in said proceeding including the testimony taken, and the original will of said Elizabeth Shappo have been on file in said court since the rendition of said decree of February 14, 1878.

(3) Said John A. Shappo claiming as heir at law of said Elizabeth Shappo entered into the possession of the real estate described in the complaint being of the value of $9,000 and held undisturbed possession thereof until April 18, 1894, when he sold same to defendant Justus Miller. That said John A. Shappo received the rents and profits thereof from the time of the death of said Elizabeth Shappo until April 19, 1894, which rents and profits amounted to $500 per annum.

(4) On April 19, 1894, John A. Shappo sold said premises to defendant Justus Miller for a full and adequate consideration equal to the market value of the property, paid in cash by the said Miller on the sale of the property to him, and the deed delivered to him was a warranty deed.

(5) When Mr. Miller purchased said real estate he resided in the city of Troy. Before making said purchase he retained Irving Hayner a reputable lawyer of that city to examine the title to said premises. That said Irving Hayner examined the record title as shown by the records of Rensselaer county, including the papers on file in the surrogate's court as aforesaid,

and prepared and delivered to Miller an abstract of title to said premises which abstract was offered in evidence on the trial of the case of Mahn v. Miller et al. in this court in January, 1896, and which will be produced upon the trial of this action and read in evidence as a part of this stipulation. Said Irving Hayner stated orally to Mr. Miller that in his opinion the title thus acquired by him was good. Mr. Miller at that time had no actual notice of plaintiff's rights.

(6) That neither Mr. Miller nor Mr. Hayner, his attorney at the time when Mr. Miller took title to said premises made any inquiry touching plaintiff's rights to said premises further than as above stated.

(7) At said hearing before the surrogate's court in the matter of the probate of the alleged will of Elizabeth Shappo the executor named in the will appeared on the one side, and said John A. Shappo the only alleged heir at law and next of kin solely represented the other side, except that one Maurice Barron who made some pretensions to being the husband of the deceased, was heard by counsel without any order regularly entered allowing him to intervene in the case.

(8) At the time of the death of Elizabeth Shappo the plaintiff Elizabeth Gilkinson, who was a niece of said Elizabeth Shappo and then named Elizabeth Mahn, was a resident of the state of New York. That in the year 1878 she married John K. Gilkinson and removed to Hoboken, in the state of New Jersey where she has ever since resided.

(9) Said Elizabeth Gilkinson was born on the 27th day of January, 1861, and became 21 years of age on the 27th day of January, 1882.

(10) Shortly after the decision of the surrogate adverse to the probate of the will John A. Shappo delivered to Catherine Mahn, the mother of the plaintiff, in behalf of the plaintiff his note for $1,000 payable when she should become 21 years of age which sum was to be paid to her in consideration of an agreement upon her behalf that she would upon becoming 21 years of age release all her claim to any property left by Elizabeth Shappo, deceased.

(11) On the 27th day of June, 1881, said John A. Shappo paid to plaintiff the sum of $1,000 and she thereupon executed and delivered to him an instrument of which the following is a copy:

"Received of John A. Shappo one thousand dollars in full settlement of all claims and demands of any name and nature which I have or ever had against Elizabeth Shappo late of the city of Troy, deceased, in her lifetime and against the estate of said deceased.                    Elizabeth Gilkinson.

"Dated New York, June 27, 1881."

(12) Ever since the death of Elizabeth Shappo said John A. Shappo has been a lawyer residing in said county of Rensselaer.

(13) Said Elizabeth Gilkinson executed said instrument on June 27, 1881, without the benefit of any legal advice and without knowledge that the decree rendered by the surrogate of Rensselaer county on the contest above referred to would affect her title to said real estate under the will of Elizabeth Shappo.

(14) There has been no communication of any kind between said Elizabeth Gilkinson and said John A. Shappo since said June 27, 1881.

A. Walker Otis, for plaintiff.
Charles E. Patterson, for defendant.

COXE, District Judge. Two questions of law are presented. First. Is the cause of action barred by section 2628 of the New York Code of Civil Procedure? Second. Is it barred by the acceptance by the plaintiff, while yet an infant, of the sum of $1,000 in full settlement of all claims against Elizabeth Shappo or her estate?

Section 2628 provides, in substance, that the title of a bona fide purchaser for value from the heir of a person who died seised of real property, shall not be affected by a devise of the property made by the latter, unless within four years from the testator's

death, the will is admitted to probate or established by the judgment of a competent court. It is agreed on all hands that this section is applicable, provided the defendant was a bona fide purchaser. It is conceded in the brief submitted for the defendant, that he knew of Elizabeth Shappo's will. He knew, therefore, or might have known, that the property which he was about to purchase had, in clear and explicit language, been devised by its owner to the plaintiff who was at that time an infant. In short, he knew that if the will was valid, the title was in the plaintiff and not in John A. Shappo. Knowing so much it was his duty to know more. He could easily have put himself in communication with the plaintiff. A single question addressed to her would have disclosed the entire situation. He chose not to ask it. He preferred to shut his eyes and take the risk, hoping that rights which had remained dormant so long, would continue to remain so. When the defendant took the deed, the plaintiff, and not Shappo, was the true owner of the property. The defendant was possessed of sufficient information at the time to put him on inquiry. He had but to ask and he would have learned the whole truth. His carelessness in this regard led him into the dilemma. The plaintiff has been guilty of no fault and she should not lose her property through the fault of others. The section of the Code in question, cannot be construed to protect one who had actual notice of a will conveying the property away from the heir at law.

The authorities which are controlling upon this court, seem very clear in holding, that the defendant was not a bona fide purchaser. In Brush v. Ware, 15 Pet. 93, the court, at page 112, say:

"The law requires reasonable diligence in a purchaser to ascertain any defect of title. But when such defect is brought to his knowledge, no inconvenience will excuse him from the utmost scrutiny. He is a voluntary purchaser; and, having notice of a fact, which casts doubt upon the validity of his title, are the rights of innocent persons to be prejudiced through his negligence?"

See, also, Felix v. Patrick, 145 U. S. 317, 12 Sup. Ct. 862; Reed v. Gannon, 50 N. Y. 345; Ellis v. Horrman, 90 N. Y. 466.

The second of the above questions, must also be ruled in plaintiff's favor upon the authority of Sims v. Everhardt, 102 U. S. 300, where the plaintiff not only gave a formal deed, but accompanied it with a written statement, that she was of full age at the time. She recovered, although she did not disaffirm her deed until nearly 21 years after she attained her majority, the supreme court observing:

"We think the preponderance of authority is that, in deeds executed by infants, mere inertness or silence, continued for a period less than that prescribed by the statute of limitations, unless accompanied by affirmative acts, manifesting an intention to assent to the conveyance, will not bar the infant's right to avoid the deed."

This case was much stronger for the defendant than the case at bar. Here there was no formal conveyance of the land and no adequate consideration. The paper relied on, is merely a release of claims against Elizabeth Shappo and her estate, it conveys nothing, it is a receipt. It was disaffirmed in about 13 years after the plain-

tiff became of age. See, also, cases cited in note to Wells v. Seixas, 24 Fed. 82.

This cause, no matter how decided, is one of unusual hardship. This fact is fully recognized by the court. The law, imperfect and inadequate as it is in such cases, aims to protect those who, in legal contemplation, are regarded as ignorant and helpless, rather than those who are fully able to protect themselves and whose misfortune may be imputed to their own want of care.

The plaintiff is entitled to the judgment demanded.