*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1105**

Abdulkadir Ali Mohamud, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed April 6, 2015
Affirmed
Stauber, Judge
Concurring specially, Schellhas, Judge**

Olmsted County District Court
File Nos. 55CR095673; 55CR094247

Lori Swanson, Minnesota Attorney General, St. Paul, Minnesota; and

Mark Ostrem, Olmsted County Attorney, James P. Spencer, Senior Assistant County Attorney, Rochester, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Susan Andrews, Assistant State Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Schellhas, Presiding Judge; Stauber, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**STAUBER**, Judge

Following this court's remand for rehearing on restitution, appellant argues that

the district court lacked the authority to modify restitution in a series of post-sentencing

orders when restitution was not specifically reserved by the district court at sentencing. We affirm.

**FACTS**

On July 20, 2009, appellant Abdulkadir Ali Mohamud shot and killed R.N. Appellant pleaded guilty to unintentional second-degree murder, and the district court imposed a 204-month executed prison sentence. Before sentencing, the victim's mother, R.W., and the Crime Victims Reparations Board (CVRB) filed affidavits seeking restitution. R.W. sought $6,010.80 in funeral expenses, and CVRB sought separate amounts of $147.00, $208.25, and $269.50 for counseling services it paid for a bystander who witnessed R.N.'s death. The district court ordered appellant to pay restitution of $6,010.80 for R.N.'s funeral expenses and $269.50 for the bystander's counseling services.[1]

In March 2010, CVRB sought additional restitution of $1,536.36 on behalf of G.N., the victim's father, and $1,549.80 for R.W., for additional funeral expenses. In a May 11, 2010 order, the district court reviewed restitution to ensure that there were not duplicate payments and modified the total restitution award to $7,963.15.

In August 2010, CVRB sought modified restitution of $2,591.10 for G.N. and $2,686.25 for R.W., again for funeral expenses. The district court asked CVRB for clarification, and CVRB explained that reimbursement percentages paid by CVRB had increased from 50% to 75%, certain items claimed by R.W. were disallowed by CVRB,

---

[1] The district court record shows that the restitution claim changed frequently, but in relatively small amounts.

and new funeral services claims had accrued since the last order. In summary, CVRB requested the following restitution: $1,130.57 to R.W., $663.70 to G.N., and $5,277.35 to CVRB. On September 8, 2010, the district court ordered appellant to pay CVRB's requested restitution of $1,130.57 to R.W., $1,563.23 to G.N., and $5,277.35 to CVRB.

On September 16, 2010, appellant wrote the district court a letter asking the court to limit restitution to the amount ordered at sentencing. The district court held a telephone hearing on November 5, 2010, but appellant was not represented by counsel because his request for a public defender had been denied. Following the hearing, the district court issued a fourth order amending restitution, requiring appellant to pay $1,130.57 to R.W., $863.70 to G.N., and $5,277.35 to CVRB.

On May 2, 2012, appellant filed a petition for postconviction relief, addressing the issue of whether restitution could be modified post-sentencing and claiming ineffective assistance of counsel because he was unrepresented by counsel at the November 5, 2010 restitution hearing. The district court initially sent both parties a letter suggesting that the newly appointed public defender may have identified a factual dispute about whether the extent of the victims' loss was known at the time of sentencing and asking the state to reduce the amount of restitution claimed from $7,346.62, to the amount originally awarded at sentencing, $6,349.60, stating:

> Here is my question: I would ask the State whether it has so strong an objection to the Court simply ordering the requested reduction that it would insist on litigating the point. I would propose a pragmatic solution; reduce the CVRB reimbursement in order that the restitution ordered is the original amount—holding harmless the two individuals that are owed restitution by [appellant].

> My thinking is that the taxpayer will spend several thousand dollars paying a public defender to challenge the current order, a prosecutor to defend it, and a judge to decide the issue. And this all relates to $997 that the incarcerated [appellant] possibly owes the CVRB, but which he will not pay until he has already, somehow, come up with $6,349.60. I suggest that this may well be a purely hypothetical expectancy.

The state declined this suggestion, stating that it was "not willing to simply concede in the interest of expediency," although it "underst[ood] and appreciate[d] the Court's comments regarding the cost/benefit analysis of litigating this claim." The district court denied appellant's petition without a hearing, concluding that it had the authority to amend the restitution order after sentencing when it became aware of new grounds to modify the award, and that appellant was not entitled to an attorney during the restitution hearing.

As sagely forecast by the district court, appellant sought review of the district court's decision, and this court reversed and remanded for rehearing, ruling that appellant was entitled to an attorney at the restitution modification hearing. *Mohamud v. State*, No. A13-0142 (Minn. App. 2013). Appellant was appointed an attorney, who moved to contest the amount of restitution, and appellant filed an affidavit stating his objection to $3,323.90 of the restitution awarded, on religious grounds, because he does not believe in the burial practices of the victim's family. The district court held a post-remand hearing on February 18, 2014, and issued a restitution order on May 28, 2014, setting restitution at $7,612.50. The district court addressed and rejected each of appellant's claimed grounds for challenging the award.

4

In this appeal, the sole issue raised by appellant is whether the district court had authority to modify restitution post-sentencing when it did not reserve that issue.

## DECISION

Upon the conviction of the offender, "[a] victim of a crime has the right to receive restitution [for 'any out-of-pocket losses'] as part of the disposition of a criminal charge." Minn. Stat. § 611A.04, subd. 1(a) (2014). Generally, restitution must be sought before sentencing in order to be considered at sentencing. *Id.* But "[t]he issue of restitution is reserved . . . if the victim's affidavit or other competent evidence submitted by the victim is not received in time [for sentencing]." *Id.*[2] After sentencing,

> [t]he court may amend or issue an order of restitution . . . if:
> (1) the offender is on probation, committed to the commissioner of corrections, or on supervised release;
> (2) sufficient evidence of a right to restitution has been submitted; and
> (3) the true extent of the victim's loss or the loss of the Crime Victims Reparations Board was not known at the time of the sentencing . . . , or hearing on the restitution request.

*Id.*, subd. 1(b) (2014). The "true extent of the victim's loss" is construed from "the court's knowledge, rather than the victim's or the state's [knowledge]." *Mason v. State*, 652 N.W.2d 269, 272 (Minn. App. 2002), *review denied* (Minn. Dec. 30, 2002). An offender may challenge restitution sought by the victim by "requesting a hearing within 30 days of receiving written notification of the amount of restitution requested, or within 30 days of sentencing, whichever is later." Minn. Stat. § 611A.045, subd. 3(b) (2014).

---

[2] This rule also applies to restitution sought on behalf of crime victims by the CVRB. *See* Minn. Stat. § 611A.04, subd. 1a (2014) ("By operation of law, the issue of restitution is reserved if the payment order is not received at least three days before the sentencing . . . hearing.").

5

The statute provides that "[a] defendant may not challenge restitution after the 30-day time period has passed." *Id*.

We review an order for restitution under the abuse of discretion standard and review "whether an item meets the statutory requirements for restitution" as a question of law subject to full review. *State v. Ramsay*, 789 N.W.2d 513, 517 (Minn. App. 2010). We also review the interpretation of a statute as a question of law subject to de novo review. *500, LLC v. City of Minneapolis*, 837 N.W.2d 287, 290 (Minn. 2013).

Appellant argues that the district court lacked authority to modify the restitution order issued at sentencing because it did not specifically reserve the issue of restitution at that time. This urged interpretation of the restitution statute provisions is inconsistent with specific language of the restitution statute, as well as its overall import. The restitution statute provides that "restitution is reserved" or that it is reserved "[b]y operation of law" when either the victim or the CVRB fails to provide sufficient evidence to support a restitution order at the time of sentencing. Minn. Stat. § 611A.04, subd. 1(a). This language does not require explicit reservation of restitution by the district court.

Further, the statute permits the district court to revisit the issue of restitution when the court does not know the "true extent" of the victim's loss at the time of sentencing. *Id.* at subd. 1(b)(3). Here, the CVRB did not make final reimbursements to the victims until many months after the sentencing hearing. Under Minn. Stat. § 611A.04, subd. 1(b)(3), the district court had the authority to amend restitution after sentencing because the "true extent of the . . . loss . . . was not known at the time of the sentencing." For these reasons, we reject appellant's argument that the district court lacked authority to

modify the restitution order post-sentencing and affirm the district court's final restitution decision.

However, this case also suggests a pattern of conduct by the prosecutor that warrants some comment by this court. "[A] prosecutor may not seek a conviction at any price." Nor should the prosecutor seek punishment in the form of restitution at any price. *State v. Ramey*, 721 N.W.2d 294, 300 (Minn. 2006). While the prosecutor's conduct here was neither unlawful nor misconduct in the traditional sense, as an officer of the court who exercises judgment required by the public trust, the prosecutor should have been mindful of the drain on the public coffers and the legal system from repeatedly seeking to increase the amount of restitution. The prosecutor's actions included seeking restitution amounts that fluctuated minimally numerous times, which resulted in multiple district court hearings, appointment of a public defender, and two appeals to this court. During this process, the prosecutor ignored a suggestion by the district court to compromise on the amount of restitution because the cost to the government of pursuing post-sentencing restitution would far exceed the very small and ever changing contested amount of less than $1,000, which the incarcerated [appellant] was unlikely to be able to pay in addition to the approximately $6,250 originally ordered. We remind the prosecutor that the citizens of this state expect an officer of the court to be fiscally responsible and proportionate in the pursuit of his duties.

**Affirmed**.

**SCHELLHAS**, Judge (concurring specially)

I concur with the majority's decision but write separately to state that I do not join in the admonition of the prosecutor that is contained in the last paragraph of majority's opinion.